508 A.2d 596

**COMMONWEALTH of Pennsylvania**

**v.**

**Stanley Walter ARENT, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 26, 1986.

Filed April 28, 1986.

Charles A. Rector, Lemoyne, for appellant.

Andrea F. McKenna, Deputy Attorney General, Harrisburg, for Commonwealth, appellee.

Before CAVANAUGH, TAMILIA and CERCONE, JJ.

CERCONE, Judge:

Appellant, Stanley Walter Arent, pleaded guilty to eight counts of failure to file sales tax returns from April, 1983, through November, 1983, and to sixteen counts of failure to remit sales tax from August, 1982, through November, 1983. 72 P.S. § 7268(b). Appellant was the proprietor of a beer distributorship in Hillsville, Lawrence County, Pennsylvania, and it was the returns owing from the operation of this business that gave rise to the charges. On April 23, 1985, appellant was sentenced to a total of two to eight years incarceration and was ordered to make restitution of approximately $95,000.00, which is the tax liability incurred absent fines and penalties. Appellant filed a timely Motion to Modify Sentence which was denied.

In this appeal, it is alleged by appellant that the lower court failed to state adequate reasons for its sentence on the record and that the sentence which was imposed was excessive as too severe a punishment. We agree and remand for resentencing.

In reviewing a sentence we must accord a great deal of discretion to the sentencing court. *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). A sentence will not generally be disturbed absent an abuse of discretion on the part of the sentencing court. However, our careful consideration of the sentencing guidelines in light of the circumstances of this case convinces us that the sentence of incarceration of from two to eight years was an excessively harsh and manifestly excessive sentence and that the court failed to state adequate reasons for the sentence on the record.

The section of the Tax Reform Code under which appellant was prosecuted, 72 P.S. § 7268(b), provides that each count of failure to file sales tax returns and failure to remit sales tax is a misdemeanor, conviction of which could result, *inter alia*, in imprisonment of up to one year. Appellant was sentenced on each of the first eight counts to a three to twelve month period of imprisonment, totalling two to eight years. For the second sixteen counts, he was sentenced on each count to one to six months imprisonment to run concurrently with the prior sentence. Therefore, the sentence imposed was clearly within the statutory limits. Although none of the individual sentences imposed here is in excess of the statutory maximum, we find the cumulative sentence to be so excessive as to inflict too severe a punishment.

In the exercise of its discretion,

[t]he court must consider the character of the defendant and the particular circumstances of the offense in light of the legislative guidelines for sentencing, and must impose a sentence, that is the minimum sentence, consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. *Common-*

*wealth v. Wicks,* 265 Pa.Superior Ct. 305, 310, 401 A.2d 1223, 1225 (1979).

At the guilty plea proceeding, the Deputy Attorney General requested that a pre-sentence report be prepared. The court so ordered. Although this report is not included in the record, the court indicated in its opinion that it rejected the report because it "consists of the defendant's version of why he could not pay the funds when due, and that he was a victim of circumstances." It is axiomatic that a sentencing court is not bound by a pre-sentence report. *Commonwealth v. Vernille,* 275 Pa.Superior Ct. 263, 418 A.2d 713 (1980). However, the sentencing court is required to consider the history, character and condition of the defendant and not only the nature and circumstances of the crime in imposing a sentence of total confinement on a defendant. 42 Pa.C.S.A. § 9725. This the court did not do. Moreover, our review of this case persuades us that the court, in imposing a sentence of imprisonment, did not follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. 42 Pa.C.S.A. § 9721(b).

The unrefuted information regarding appellant's background that appears of record is that appellant was twenty-nine years old at the time of sentencing, that he graduated from high school and completed one year of college. He was also in the process of accumulating extra credits toward his degree. He had a work history, including employment with a paving company at the time of sentencing. In 1979, appellant inherited the beer distributorship and by January of 1980 had already begun to be in tax arrears. Then, in 1983, the Internal Revenue Service closed the beer distributorship, seized and liquidated the assets, and did so at a fraction of the market value. Thus, from 1983, appellant has not owned the business which gave rise to these charges, and whereby at one point, he had monthly sales of

$100,000. Appellant has no prior criminal record and is an active church member. Drexel Ackles, who prepared the presentence report in this case testified at the sentencing hearing and recommended a community-based alternative to incarceration consisting of employment, completion of appellant's college degree, restitution payments, community service and a probationary period.

The court rejected this and all aspects of the pre-sentence report as depreciating the seriousness of the crime of the defendant.

> THE COURT: This is inconceivable a person would be engaged in a business the volume of which you operated and not be aware that you were incurring very substantial obligations to the sale tax division in light of the fact that you are collecting on your sales amounts that is due and owing them. I don't know how you can be in business and not be aware of that and if you weren't aware of it, I don't know why you would not seek counsel in these areas. This in not a mom and pop operation. The indication is that you were making $100,000 a month. I don't know how you could handle that kind of funds without realizing the fact that you are incurring very substantial obligations and if you are not managing your money properly, you wouldn't be able to pay it and you may be called on either to go to jail or produce the money or both. I don't know how you could not have known that as a person in business and if you can do it, I don't know why anybody else shouldn't be able to do it with impunity.
>
> .        .        .        .        .
>
> Somehow, Mr. Arent, we have to convey that people who are trustees of funds that belong to the Commonwealth cannot with impunity handle these funds like they are personal monies and offer explanations why they can't pay when it is time to pay. If every tax collector gave the Commonwealth the explanation that you gave and no money, we would be in bankruptcy right now. That is exactly where we would be. We could not afford to pay

the costs of the government with the people operating in the manner you operated in collecting substantial amounts of money to the government and paying nothing. That is not just the kind of proposal that we want to convey to the government that they can operate in that fashion with impunity and they are going to pay us $95,000 over a period of time. That is just not a tenable proposition for the state government to be operating with. If they operated their business in that fashion with every taxpayer, they would not be able to pay the light bill in the buildings they operate.

It is clear that the court emphasized the seriousness of appellant's dereliction and the gravity of the offense and with this we are in agreement. However, our difficulty with the court's sentence lies in the court's failure to explain why it chose incarceration over probation with reasons other than the nature of the crime. In *Commonwealth v. Butch*, 487 Pa. 30, 407 A.2d 1302 (1979), the Pennsylvania Supreme Court stressed the requirement that a sentence be individualized. See *Commonwealth v. Riggins*, 474 Pa 115, 377 A.2d 140 (1977). What is lacking in this case is an explanation by the sentencing court that it considered the twelve factors under section 9722 of 42 Pa.C.S.A. which weigh in favor of an order of probation and that the court rejected that alternative for reasons other than the seriousness of the crime.[1] Many of these factors

---

**1.** These factors are:

(1) The criminal conduct of the defendant neither caused nor threatened serious harm.

(2) The defendant did not contemplate that his conduct would cause or threaten serious harm.

(3) The defendant acted under a strong provocation.

(4) There were substantial grounds tending to excuse or justify the criminal conduct of the defendant, though failing to establish a defense.

(5) The victim of the criminal conduct of the defendant induced or facilitated its commission.

(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.

(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present crime.

pertain to appellant, but were ignored by the sentencing court.

Moreover, as stated above, 42 Pa.C.S.A. § 9725 sets forth that a sentence of total confinement is appropriate in cases in which, having regard to the nature and circumstances of the crime and the history, character and condition of the defendant, the court is of the opinion that

    (1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;

    (2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

    (3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

These factors do not fit the situation of appellant and the crimes to which he pleaded guilty. Appellant stated his awareness of the wrong which he perpetrated on the Commonwealth and his willingness and ability to make restitution at the sentencing hearing. The Deputy Attorney General and the court stressed appellant's intransigence in failing to repay long overdue liabilities. But when confronted by counsel for appellant with the reason being the seizure by the Internal Revenue Service of appellant's business in 1983 as depriving appellant of the wherewithal to do so, the Deputy Attorney General replied that he had the money when he withheld it and he should have paid it then. No one denies this; not even appellant. But there is no evidence of record that appellant accumulated the sales tax

(8) The criminal conduct of the defendant was the result of circumstances unlikely to recur.

(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime.

(10) The defendant is particularly likely to respond affirmatively to probationary treatment.

(11) The confinement of the defendant would entail excessive hardship to him or his dependents.

(12) Such other grounds as indicate the desirability of probation.

monies to enrich his own coffers rather than pay them when they were due. Evidence showed that appellant diverted these funds back into his business. This is still a crime, but is not proof that at all times appellant had the ability to make restitution, but refused. Moreover, this is not the situation in which there is an undue risk that appellant will commit the crime again if he is not confined, nor can it be said that appellant is in need of correctional treatment that can be provided most effectively in jail.

The court simply failed to consider many mitigating factors in the circumstances of this case in its emphasis on the nature of the crime. It is true that the matter of sentencing remains in the discretion of the trial court. But merely by way of suggestion, perhaps the trial court should consider that the Commonwealth may be better served and the harm caused to the Commonwealth better compensated by allowing appellant to continue in gainful employment in order to make payments toward the $95,000.00 restitution amount ordered, while appellant complies with the conditions of a lengthy period of probation, or a limited work release (partial confinement) sentence followed by probation. Upon failure to comply, the court would clearly be justified in a revocation proceeding to sentence appellant to a jail term. However, we are relying on the good judgment of the sentencing court to amend this manifestly excessive sentence on remand. *See Commonwealth v. Smith,* 257 Pa.Superior Ct. 435, 390 A.2d 1315 (1978).

Judgment of sentence is vacated and the case is remanded for resentencing in conformity with this opinion. Jurisdiction relinquished.