**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Rodney Lee BURKHOLDER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 3, 1998.

Filed Oct. 7, 1998.

---

William Costopoulos, Lemoyne, for appellant.

Clarence N. Patterson, Jr., Asst. Dist. Atty., York, for Com., appellee.

Before JOYCE and HESTER, JJ., and CIRILLO, President Judge Emeritus.

CIRILLO, President Judge Emeritus:

Rodney Lee Burkholder appeals from a judgment of sentence entered in the Court of Common Pleas of York County. We affirm.

On December 20, 1996, at approximately nine o'clock in the evening, Rodney Burkholder was driving on Springwood Road, a two lane highway with a speed limit of thirty-five miles per hour. As he drove south in the northbound lane at sixty miles per hour, he collided with an oncoming vehicle and caused the death of its two occupants. Burkholder, who was legally intoxicated at the time of the accident,[1] was driving with a license that had been suspended until November, 1998 due to three prior DUI offenses. Burkholder was charged with two counts of homicide by vehicle while driving under the influence, two counts of homicide by vehicle, one count of driving under the influence of alcohol, two counts of involuntary manslaughter, two counts of aggravated assault by vehicle while driving under the influence and two counts of third-degree murder.[2]

A preliminary hearing was held before District Justice John W. Lafean on February 6, 1997, at which time Burkholder was bound over for court on all charges. Burkholder, represented by attorney Michael Fenton, pled *nolo contendere* to all of the charges. The Honorable John C. Uhler sentenced Burkholder to consecutive terms of seventeen to thirty-five years' imprisonment on each count of third-degree murder.[3]

Attorney Fenton timely filed a motion to modify the sentence which the trial court denied. Thereafter, present counsel filed a motion to withdraw the plea of *nolo contendere*, which was also denied. Burkholder filed a timely notice of appeal and a concise statement of matters complained of. The trial court filed a Rule 1925(a) opinion. On appeal, Burkholder presents the following issues for our review:

(1) Whether appellant should have been permitted to withdraw his *nolo contendere* plea to two counts of third-degree murder and related offenses based on the ineffective assistance of his attorney, who rendered him improper advice as to the sentence he would likely receive because the attorney did not know the statutory maximum sentence for third-degree murder had changed; advised him to plead "open" to all counts; and told him the court's sentence would be founded on the applicable guidelines and within them, all of which rendered the plea unintelligent, unknowing and involuntary and hence constitutes a manifest injustice?

(2) Whether the aggregate sentence imposed on appellant of 34 to 70 years incarceration was manifestly excessive because the court unreasonably exceeded the guidelines, imposed consecutive sentences and relied on guidelines for third-degree murder not in effect, and the factors cited by the court do not justify the extreme upward deviation?

(3) Whether defense counsel was ineffective for failing to raise and preserve for appellate review the court's violation of the sentencing code by failing to make a sufficient contemporaneous statement when imposing appellant's sentence far beyond the aggravated range of the guidelines and by failing to set forth the permissible ranges of sentences?

---

**1.** Burkholder's blood alcohol level was .218%.

**2.** Burkholder was also charged with two counts of aggravated assault which were later withdrawn by the Commonwealth.

**3.** Burkholder was sentenced to a total term of thirty-four to seventy years' imprisonment.

(4) Whether limiting appellant's right to direct appeal of the discretionary aspects of sentence violates appellant's right to appeal provided by the Pennsylvania Constitution and whether limiting such review to this court also violates said right to appeal, which right includes an appeal to the Supreme Court of Pennsylvania?

■ Our standard of review when evaluating a claim of ineffective assistance of counsel is well settled. We presume that trial counsel is effective and place on the defendant the burden of proving otherwise. *Commonwealth v. Williams*, 524 Pa. 218, 230, 570 A.2d 75, 81 (1990). We are first required to determine whether the issue underlying the claim is of arguable merit. *Commonwealth v. Johnson*, 527 Pa. 118, 122, 588 A.2d 1303, 1305 (1991). If the claim is without merit, our inquiry ends because counsel will not be deemed ineffective for failing to pursue an issue which is without basis. *Id.* Even if the underlying claim has merit, the appellant still must establish that the course of action chosen by counsel had no reasonable basis designed to effectuate the client's interests and, finally, that the ineffectiveness prejudiced his right to a fair trial. *Id.*; *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

■ Burkholder first asserts that counsel was ineffective for failing to properly advise him prior to the entry of the *nolo contendere* plea as to the sentence he would likely receive. It is well established that a claim of counsel's ineffectiveness made in connection with the entry of a guilty plea [4] will provide a basis for relief only if the appellant can prove that the ineffectiveness caused an involuntary or unknowing plea. *Commonwealth v. Lewis*, 708 A.2d 497 (Pa.Super.1998). In order to ensure that a plea is voluntarily and knowingly entered, the trial court must inform the accused of the

permissible range of sentence for each offense, as well as the total possible aggregate sentence. *Commonwealth v. Persinger*, 532 Pa. 317, 322–324, 615 A.2d 1305, 1308 (1992).

■ A careful review of the record indicates that Burkholder's claim is meritless. The trial court conducted a thorough on-the-record inquiry during the guilty plea colloquy that affirmatively demonstrated that his plea was "voluntarily and understandingly tendered." *See* Pa.R.Crim.P. 319.[5] Prior to the guilty plea colloquy Burkholder's counsel told him that the maximum sentence he could receive on each count of third-degree murder was ten to twenty years. Even though Burkholder's counsel did not know that the statutory maximum for third-degree murder had increased from twenty to forty years at the time he advised entry of the *nolo contendere* plea, the Honorable John C. Uhler advised him of that change during the course of the guilty plea colloquy.[6] Prior to the entry of the plea, Judge Uhler specifically informed Burkholder that he could be sentenced to a total term of imprisonment anywhere within the range of forty to eighty years. Burkholder signed the written guilty plea colloquy indicating that he understood that each count of third-degree murder carried with it a maximum term of imprisonment of twenty to forty years and that the sentences could be aggregated.

Therefore, even if trial counsel were ineffective, this claim does not warrant relief since Burkholder entered his *nolo contendere* plea with full knowledge of the maximum punishment that might be imposed. *Lewis, supra.* In addition, no precedential support can be found for the proposition that the entry of an "open" plea constitutes ineffective assistance of counsel. Thus we conclude that no manifest injustice occurred when the trial

---

4. In terms of its effect on a case, a plea of *nolo contendere* is treated the same as a guilty plea. *Commonwealth v. Boatwright*, 404 Pa.Super. 75, 83, 590 A.2d 15, 19 (1991).

5. In order to ensure that a plea is entered voluntarily and knowingly, the trial court must conduct a guilty plea colloquy that discusses with the defendant: (1) the nature of the charges; (2) the factual basis of the plea; (3) the right to trial by

jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the judge's authority to depart from any recommended sentence. *Commonwealth v. Young*, 695 A.2d 414 (1997).

6. The statutory maximum sentence for third-degree murder was raised from 20 to 40 years effective May 15, 1995. *See* 18 Pa.C.S.A. § 1102(d).

court denied his post-sentence motion to withdraw his guilty plea.

■ Next, Burkholder contends that the trial court abused its discretion by unreasonably exceeding the sentencing guidelines, imposing consecutive sentences and relying on guidelines that were not yet in effect. In a challenge to the discretionary aspects of sentence, the appellant must invoke this court's jurisdiction by including in his or her brief a separate concise statement demonstrating that there exists a substantial question as to the appropriateness of the sentence under the Sentencing Code. *See* 42 Pa.C.S.A. § 9781; *Commonwealth v. Tuladziecki*, 513 Pa. 508, 511–513, 522 A.2d 17, 19 ( 1987); Pa.R.A.P. 2119(f). Here, Burkholder has included in his brief a 2119(f) statement which explicitly sets for the reasons relied upon for allowance of discretionary sentencing review and which, in our opinion, raises a "substantial question" as to the appropriateness of the sentence.[7] *See Commonwealth v. Wright*, 411 Pa.Super. 111, 113, 600 A.2d 1289, 1290 (1991); *see also Commonwealth v. Oliver*, 693 A.2d 1342 (Pa.Super.1997)(citing *Commonwealth v. Johnson, 446 Pa.Super.* 192, 666 A.2d 690 (1995) and *Commonwealth v. Nelson*, 446 Pa.Super. 240, 666 A.2d 714 (1995)).

■ The standard of review in sentencing matters is well settled. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Anderson*, 381 Pa.Super. 1, 16, 552 A.2d 1064, 1072 (1988). An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. 42 Pa.C.S.A. § 9781(c).[8] *See also Commonwealth v. Lane*, 492 Pa. 544, 549, 424 A.2d 1325, 1328 (1981).

■ In exercising its discretion, the trial court must consider the character of the defendant and the particular circumstances of the offense in light of the legislative guidelines for sentencing, and the court must impose a sentence that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. 42 Pa.C.S.A. § 9721(b). *See Commonwealth v. McClendon*, 403 Pa.Super. 467, 481, 589 A.2d 706, 713 (1991). It is well established that a court is permitted to impose a sentence that exceeds the sentencing guidelines, so long as it "provides a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S.A § 9721(b). This requirement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence. *Commonwealth v. Smith*, 369 Pa.Super. 1, 6, 534 A.2d 836, 838 (1987).

■ Here Burkholder was sentenced to two consecutive sentences of seventeen to thirty-five years' imprisonment. Each sentence fell within the statutory maximum for third-degree murder yet exceeded the standard range found in the fourth edition of the sentencing guidelines.[9] However, the record evidences that the trial court did make a sufficient contemporaneous statement when

---

7. Burkholder states that the sentencing court's upward deviation form the guidelines, "in conjunction with the consecutive nature of the sentence, constituted an unreasonable sentence and, thus, was manifestly excessive." *See Commonwealth v. Arent*, 352 Pa.Super. 520, 508 A.2d 596 (1986). Burkholder also claims that the court considered an "impermissible factor" in considering the "new" sentencing guidelines, which he claims did not apply to him. *Commonwealth v. Chase*, 365 Pa.Super. 572, 530 A.2d 458 (1987).

8. Factors that should be weighed when reviewing a sentence include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportu-

nity of the sentencing court to observe the defendant, including any pre-sentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. 42 Pa.C.S.A. § 9781(d).

9. The statutory maximum for third-degree murder is 40 years. 18 Pa.C.S.A. § 1102(d). The fourth edition of the sentencing guidelines, which is applicable to felonies and misdemeanors committed between August 12, 1994 and June 12, 1997, provides a standard range minimum sentence of 60 to 120 months for a third degree murder conviction with no prior record score. 204 Pa.Code § 303.1(c).

imposing Burkholder's sentence. At the sentencing hearing, the trial court stated that it sentenced outside the fourth edition of the sentencing guidelines because Burkholder killed two individuals and exposed other drivers to a substantial risk of bodily harm. Also, the court mentioned that Burkholder's participation and failure in four different alcohol treatment programs indicated that he was not a viable candidate for rehabilitation and thus was a threat to the community. The court specifically noted that he was involved in a similar DUI incident in 1992 and therefore knew the possible consequences of his drinking, yet chose to ignore them. Moreover, the court recognized that the presentence investigation, which was accepted as factually accurate by Burkholder, demonstrates that on occasion he was "a cruel or mean drunk." The trial court stated sufficient reasons for departing from the sentencing guidelines on the record and in Burkholder's presence; therefore, we do not find that the trial court abused its discretion. *Smith, supra.*

Moreover, Burkholder's reliance on *Commonwealth v. Arent,* 352 Pa.Super. 520, 508 A.2d 596 (1986), in support of his position that the imposition of consecutive sentences amounts to an abuse of discretion, is flawed. *Arent* stands for the proposition that in imposing a sentence of total confinement, the sentencing court must consider the history, character and condition of the defendant and not merely the seriousness of the offense. *Arent,* 352 Pa.Super. 520, 508 A.2d 596 (1986). *See also* 42 Pa.C.S.A. § 9725 (prescribing factors to be considered when imposing a sentence of total confinement).

Here, the record evidences that, in addition to recognizing that Burkholder killed two individuals, the sentencing court carefully considered all relevant factors when deciding to impose two consecutive sentences of seventeen to thirty-five years' imprisonment. The pre-sentence investigation report established that Burkholder was driving under a suspended license when the instant offense occurred due to three previous DUI offenses. The court also noted that Burkholder had participated in four different alcohol rehabilitation programs, one of which he failed to successfully complete. Additionally, the court found that Burkholder's conduct at the scene of the accident displayed a "wickedness of heart." Therefore, in considering Burkholder's prior criminal history, his inability to change his behavior, and his lack of character, the trial court appropriately imposed two consecutive sentences of seventeen to thirty-five years' imprisonment. We find no abuse of discretion. *Arent, supra; McClendon, supra.*

Burkholder also argues that counsel was ineffective for failing to object to the trial court's violation of the Sentencing Code when the court failed to provide sufficient reasons on the record for its departure from the sentencing guidelines. It has already been established that the trial court did provide a sufficient contemporaneous statement of the reasons it deviated from the guidelines. 42 Pa.C.S.A. § 9541. Therefore, this claim is meritless and does not warrant relief because counsel cannot be deemed ineffective for failing to raise a meritless claim. *Johnson, supra.*

Additionally, Burkholder contends that counsel was ineffective for failing to object to the trial court's violation of the Sentencing Code when the court failed to set forth the permissible range of the sentence. In sentencing outside of the guidelines, the trial judge " 'must set forth on the record, at sentencing, in the defendant's presence, the permissible range of sentences under the guidelines.' " *Commonwealth v. Wagner,* 702 A.2d 1084, 1086 (Pa.Super.1997) (quoting *Commonwealth v. Royer,* 328 Pa.Super. 60, 70–71, 476 A.2d 453, 457 (1984)). *See also Commonwealth v. Vinson,* 361 Pa.Super. 526, 534, 522 A.2d 1155, 1159 (1987) (explaining that where the court's sentence exceeds the guidelines, the court must demonstrate that it was aware of and considered the guidelines).

In the instant case, the trial court, at the time of sentencing, stated that it could impose a maximum penalty of forty to eighty years. Furthermore, after imposing the sentence, the court stated on the record that it made the sentence "beyond any guidelines that are available to it." It is clear that the court knew that it was departing from the

fourth edition of the sentencing guidelines. It also considered the fifth edition of the sentencing guidelines, which were not yet in effect but expressed the legislature's intent to impose a harsher sentence.[10] Therefore, even if the court had not set forth the permissible ranges of sentencing under the sentencing guidelines, it explained the inapplicability of the guidelines, thus demonstrating that it was aware of and had considered the permissible range of sentences under the guidelines. *Wagner, supra ; Vinson, supra.*

■ Finally, Burkholder asserts that 42 Pa.C.S.A § 9781(b), which permits this court to review the discretionary aspects of a sentence only if a substantial question is posed, and 42 Pa.C.S.A § 9781(f), which limits such an appeal to this court and deprives the Pennsylvania Supreme Court of reviewing the discretionary aspects on appeal, both deny him the right of an appeal as provided by Article V, Section 9 of the Pennsylvania Constitution.[11]

■ In *Commonwealth v. Chilcote*, 396 Pa.Super. 106, 578 A.2d 429 (1990) (*en banc* ) this court determined that, rather than limiting an appellant's right to appeal, section 9781(b) merely establishes a threshold burden which must be satisfied by an appellant, who is appealing from the discretionary aspects of sentence, before the merits of the appeal are considered. *Id.* at 120, 578 A.2d at 436. Also, the *Chilcote* court held that section 9781(f) does not violate an individual's constitutional guarantee of the right to appeal; it merely designates the Superior Court as the appellate court to which the appeal can be taken. *Id.* at 122, 578 A.2d at 437. Therefore, in accordance with *Chilcote*, we find that 42 Pa.C.S.A. § 9781 does not violate Burkholder's rights under the Pennsylvania Constitution. A panel of this court cannot overrule a prior decision rendered by the court sitting *en banc, Lucera v. Johns–Manville*, 354 Pa.Super. 520, 512 A.2d 661,

665 (1986); therefore, we find the holding in *Chilcote* controlling.

Judgment of sentence affirmed.

---

**10.** The fifth edition of the sentencing guidelines, effective June 13, 1997, provides a standard range of 72–240 months for a third degree murder conviction with no prior record score. 204 Pa.Code § 303.1(c).

**11.** The Pennsylvania Constitution Article V, § 9 guarantees: There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be provided by law; and there shall be other such rights of appeal as may be provided by law.