J. S61011/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RYAN NARVELL KELLEY, | : | No. 1897 WDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, November 12, 2013
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0003276-2013

BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED OCTOBER 14, 2014**

Ryan Narvell Kelley appeals from the judgment of sentence entered November 12, 2013, in the Court of Common Pleas of Allegheny County.  We affirm.

The facts, as summarized by the Commonwealth at appellant's guilty plea hearing, are as follows:

> If the evidence were presented at trial today it would be that on August 5, 2012, [appellant] drove his vehicle through a red light at the intersection of Tokay and Bennett Streets hitting a motorcycle driven by Douglas Watson.  He additionally struck one more vehicle that was occupied by Jewell Toliver and Dolores Smith.  All three parties in the aforementioned vehicle[s] suffered serious injuries that required hospital care.
>
> Additionally, [], [appellant's license] was suspended at the time of the accident.

---

* Retired Senior Judge assigned to the Superior Court.

Notes of testimony, 8/19/13 at 4.

On April 18, 2013, appellant was charged with three counts of accident involving injury or death while not properly licensed and recklessly endangering another person ("REAP") as well as single counts of driving without a license; driving while operating privilege suspended/revoked; traffic control signal; careless driving and reckless driving. Two counts of REAP and the reckless driving count were withdrawn by the Commonwealth; and on August 19, 2013, appellant appeared before the Honorable Donna Jo McDaniel and entered a plea of guilty to the remaining charges.

On November 12, 2013, appellant was sentenced to 11½ months to 23 months' incarceration at Count 1, accidents involving injury or death while not properly licensed, to be followed by 5 years of probation. No further penalty was imposed at the remaining counts. Appellant filed a motion to reconsider sentence which was denied on November 27, 2013. On December 3, 2013, appellant filed a notice of appeal. Appellant complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.

Appellant presents one issue for our review:

> I. DID THE TRIAL COURT ABUSE ITS DISCRETION AT SENTENCING BY FAILING TO APPROPRIATELY CONSIDER RELEVANT MITIGATING EVIDENCE, INCLUDING THE NATURE AND CIRCUMSTANCES OF THE

OFFENSE AND THE HISTORY AND CHARACTERISTICS OF MR. KELLEY?

Appellant's brief at 6.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa.Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). Prior to reaching the merits of a discretionary aspect of sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue has been properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, *see* Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence is not appropriate under the Sentencing Code, *see* 42 Pa.C.S.A. § 9781(b). *Commonwealth v. Evans*, 909 A.2d 303 (Pa. 2006).

We note that appellant has filed a timely notice of appeal and has included in his brief the requisite separate statement of reasons for allowance of appeal pursuant to Pa.R.A.P., Rule 2119(f), 42 Pa.C.S.A. (Appellant's brief at 13-16.) In his Rule 2119(f) statement, appellant essentially claims that while the court did consider the protection of the public and gravity of the offense in relation to the impact on the victims and community, the court did not consider relevant mitigating evidence, such as,

appellant took responsibility for his actions by pleading guilty, the charges were unintentional in nature, he was not under the influence at the time of the accident, he was both employed and enrolled in school prior to his incarceration, and that he helped care for and provide for his children. (Appellant's brief at 16.)  Appellant has raised a substantial question; however, we find the issue to be meritless.  ***See Commonwealth v. Ahmad***, 961 A.2d 884, 887 (Pa.Super. 2008) (finding the appellant's claim that the sentencing court abused its discretion by failing to consider his individualized circumstances in its imposition of sentence in violation of the Sentencing Code raised a substantial question).

Our standard of review for sentencing claims is as follows:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion.  [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.  In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa.Super. 2012) (quotation omitted).

> In exercising its discretion, the trial court must consider the character of the defendant and the

particular circumstances of the offense in light of the legislative Guidelines for sentencing, and the court must impose a sentence that is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant.

*Commonwealth v. Guth*, 735 A.2d 709, 711 (Pa.Super. 1999), quoting

*Commonwealth v. Burkholder*, 719 A.2d 346, 350 (Pa.Super. 1998); *see*

42 Pa.C.S.A. § 9721(b).

Our review is guided by 42 Pa.C.S.A. § 9781(c) and (d) which provide:

### § 9781.  Appellate review of sentence

**(c)**  **Determination on appeal.--**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

   (1)   the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

   (2)   the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

   (3)   the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

   In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

**(d)**  **Review of record.--**In reviewing the record the appellate court shall have regard for:

> (1)   The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2)   The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3)   The findings upon which the sentence was based.
>
> (4)   The guidelines promulgated by the commission.

*Id.*

Instantly, appellant argues the trial court did not appropriately address the nature of the offense at issue or his history and personal characteristics. We have conducted a review of appellant's claim along with the information set forth at the sentencing hearing and conclude that the sentence imposed was fair and appropriate. The trial court indicated that it considered the pre-sentence investigation report and the sentencing guidelines. "Where the sentencing judge had the benefit of a pre-sentence report, it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors." *Commonwealth v. L.N.*, 787 A.2d 1064, 1071 (Pa.Super. 2001).

The sentencing transcript indicates the trial court heard defense counsel's argument that "[Appellant] is a full-time student. He also has primary custody of two younger sons." (Notes of testimony, 11/12/13 at 2.)

Defense counsel also stated that her review of appellant's record is that "it is pretty minimal" and that "he may have had one or two prior criminal convictions." (***Id.***)  The trial court then stated:

> Okay, Mr. Kelley, you caused an accident by speeding and running through a red light.  The motorcycle passenger was critically injured, as was one of the victims in the pole line.  You have been suspended since 2004.  You have two prior accidents.  You actually have four prior convictions for assault.
>
> When this case happened, you were still on probation with me.  So, you didn't do well when you were on probation.  You just keep driving around, and now you have injured people.
>
> You have been in jail before, and you weren't deterred from continuing criminal activity.

***Id.*** at 3.

The above statement demonstrates the trial court considered the seriousness of the offense as appellant's action resulted in a critical injury to two victims.  The court noted the required factors regarding the protection of the public and rehabilitative needs of appellant.

Appellant offers no support from the record that the trial court did not consider relevant mitigating factors.  It appears from this record that the trial court was well aware of appellant's history and characteristics but did not view them as significantly, perhaps, as appellant would have liked.  We find appellant's argument in his brief, that he took responsibility for his actions by pleading guilty and that he was not under the influence at the

time of his accident, to be rather hollow. Appellant ignores the fact he should not have been driving in the first place as his license was suspended.

Moreover, we note appellant was sentenced for a third degree felony that was punishable by up to 7 years' imprisonment. According to the sentencing guidelines, the standard range calls for 9 to 16 months' imprisonment. Appellant received a sentence of 11½ to 23 months with no further sentence imposed at the remaining counts.

In sum, because the trial court's sentencing colloquy shows consideration of [appellant's] circumstances, prior criminal record, personal characteristics and rehabilitative potential, and the record indicates that the court had the benefit of the presentence report, an adequate statement of the reasons for the sentence imposed has been given. ***Commonwealth v. Brown***, 741 A.2d 726, 735-736 (Pa.Super. 1999) (***en banc***), ***appeal denied***, 790 A.2d 1013 (Pa. 2001). Accordingly, we find no merit to appellant's contention that the trial court abused its discretion in sentencing him.

The judgment of sentence is affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2014

- 8 -