J-S46044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOHNNY BAKER :
:
Appellant : No. 3910 EDA 2017

Appeal from the PCRA Order, November 27, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0008814-2015.

BEFORE: BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED NOVEMBER 13, 2018**

Johnny Baker appeals from the order denying his first timely petition for relief filed pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-46. We affirm.

Baker's convictions arise from drug crimes that he perpetrated on August 14, 2015, in Philadelphia County, Pennsylvania. The PCRA court summarized the pertinent procedural history as follows:

> On April 21, 2016, [Baker] entered into a non-negotiated guilty plea for the charges of possession with intent to deliver a controlled substance ("PWID"), conspiracy to commit possession with intent to deliver a controlled substance, and the knowing and intentional possession of a controlled substance. On June 30, 2016, the Honorable Kai Scott (herein PCRA court) imposed a sentence of two to four years of incarceration followed by three years of probation on the possession with intent to deliver charge, and the same sentence for the conspiracy charge to run concurrent with the PWID sentence. [Baker] did not pursue a direct

appeal. On October 11, 2016, [Baker] timely filed his first PCRA petition wherein he claimed that his trial counsel was ineffective for failing to provide adequate legal advice regarding the consequences of a guilty plea. [Baker] alleges this error induced him to plead guilty to these charges.

PCRA counsel filed an amended PCRA petition on February 27, 2017. On September 13, 2017, the Commonwealth filed a letter brief and motion to dismiss the amended PCRA petition. After receiving the Commonwealth's motion to dismiss, PCRA counsel filed a response clarifying [Baker's] claim of ineffective assistance on September 21, 2017. The clarification stated that [Baker] was not informed of the proper sentencing guidelines and mistakenly believed the sentence would be county sentence of eleven and a half to twenty three months. The first hearing on the PCRA matter and the related filings was held on November 27, 2017.

This court, after carefully reviewing the record, [Baker's] filings, PCRA counsel's amended petition, the Commonwealth's letter in brief and motion to dismiss, and PCRA counsel's response, determined the issues raised by PCRA counsel lacked merit and dismissed [Baker's] PCRA petition without an evidentiary hearing. The PCRA court sent [Baker] a Pa.R.Crim.P. 907 notice of dismissal on October 25, 2017. On November 27, 2017 this court issued an order denying [Baker's] post-conviction relief.

PCRA Court Opinion, 3/2/18, at 1-2 (footnote omitted)(unnecessary capitalization omitted).

This timely appeal follows. Both Baker and the PCRA court have complied with Pa.R.A.P. 1925.

Baker raises the following issue on appeal:

I.    Did the [PCRA] court err in denying [Baker] an evidentiary hearing when [Baker] raised a material issue of fact that trial defense counsel was ineffective in failing to properly inform [Baker] of the sentence guidelines prior to [Baker's] guilty plea being entered?

Baker's Brief at 2.

The Superior Court's standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. ***Commonwealth v. Volk***, 138 A.3d 659, 661 (Pa. Super. 2016).

Baker claims that plea counsel was ineffective for advising Baker to enter a guilty plea. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.***

In regard to claims of ineffective assistance of counsel during the plea process, this court has recently stated that:

> Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

In support of his claim, Baker alleges that plea counsel misinformed him as to the proper sentencing guidelines. Allegedly, prior to Baker entering his guilty plea, trial counsel informed Baker that a county sentence, rather than a state sentence, applied to his case. As such, Baker argues that his plea was not knowing, intelligent, or voluntary because he believed that he was subjecting himself to eleven and a half to twenty three months' incarceration instead of the longer state sentence of 24-48 months.

Baker points out that during his sentencing hearing, counsel asked the court for a county sentence. Baker reasons that "trial defense counsel [would not] request a county sentence unless he told [Baker] that [the county

sentence] is what the sentencing guidelines indicated. Baker's Brief at 6. We do not find this theory persuasive.

The trial court recounted the plea colloquy and sentencing hearing, as follows:

> In this case, [Baker] reviewed and signed a written guilty plea agreement that expressly stated that he was pleading guilty to PWID heroin (graded as an ungraded felony), conspiracy to commit possession of a controlled substance (graded as an ungraded felony), and the knowing and intentional possession of a controlled substance (graded as an ungraded felony) and acknowledged the maximum sentence and fine that the court could impose on him.
>
> During [Baker's] guilty plea, [Baker] was specifically asked by PCRA court, "has any promise been made to you to make you give up your right to trial in this matter?" [Baker] was also asked, "has anybody forced or threatened you in any way to make you give up your right to trial?" to which [Baker] responded to both, "no." PCRA court further questioned [Baker], "are you pleading guilty of your own free will?" to which [Baker] responded, "yes." Although the sentencing guidelines were not discussed during [Baker's] guilty plea, they were provided during [Baker's] sentencing.
>
> During sentencing, the guideline range was specifically stated as 24-30 months, plus or minus 6 months. [Baker's] counsel made no objection to these guidelines and, in fact, agrees with the sentencing guidelines of 24-30 months. After his agreement, he merely requests that the court sentence [Baker] to a county sentence of 11 and a half to 23 months, with a consecutive period of probation time. However, [Baker's] counsel did not claim that this length of time is the proper sentencing guideline. [Baker] noted that he understood his sentence of two to four years of incarceration and three years of probation at the time of sentencing.

Trial Court Opinion, 3/2/18, at 4-6.

Additionally, the court reasoned that prior to its decision to dismiss the PCRA petition without a hearing, it carefully examined the record, including "Baker's filings, PCRA counsel's amended petition, the Commonwealth's letter in brief and motion to dismiss, and PCRA counsel's response." *Id.* at 2. After its examination of the record, the PCRA court found the issue Baker raised lacked merit.

The Commonwealth argues that "[e]ven assuming counsel misinformed [Baker] about his guideline range sentence does not render his counsel's assistance ineffective because [Baker] was fully aware of the statutory maximum." Commonwealth's Brief at 8. In support of this assertion, the Commonwealth cites *Commonwealth v. Burkholder*, 719 A.2d 346, (Pa. Super. 1998), where this Court ruled the appellant's ineffective assistance of counsel claim warranted no relief. In *Burkholder*, appellant's counsel mistakenly advised him of the statutory maximum, conveying to Burkholder that the sentence was shorter than it was in actuality. *Id.* at 349. However, appellant's plea remained knowing and voluntarily entered because the trial court advised him of the correct statutory maximum during the plea colloquy. *Id.*

Here, as in *Burkholder*, the trial court informed Baker of the maximum sentences he could receive for the different charges against him. Even if Baker could demonstrate at an evidentiary hearing that his plea counsel misinformed him regarding the sentencing range, his claim is without merit because the trial judge advised him of the permissible maximum sentence for each offense

during the plea colloquy, thus making his plea both knowing and voluntary. Additionally, Baker signed the written guilty plea colloquy, further demonstrating that he understood his maximum possible sentence, and indicated on the form and during the colloquy that there was no plea bargain or agreement of any kind. ***See Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003)(reiterating that "a person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.")

Thus, even if Baker's trial counsel provided ineffective stewardship, this claim warrants no relief because Baker entered his guilty plea with full knowledge of the maximum sentences the court could impose. We conclude that any ineffectiveness of counsel did not result in manifest injustice here, and the PCRA court did not err when it dismissed Baker's PCRA petition without granting an evidentiary hearing.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/18