J-S75043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RAUL DELAROSA A/K/A JAVIER | : | |
| CEPEDA, | : | |
| | : | |
| Appellant | : | No. 707 EDA 2018 |

Appeal from the Judgment of Sentence February 20, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003855-2017

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:            **FILED JANUARY 31, 2019**

Raul Delarosa a/k/a Javier Cepeda ("Delarosa") appeals from the judgment of sentence imposed after he pled guilty to third-degree murder, conspiracy to commit murder, and criminal solicitation.[1]  Additionally, counsel for Delarosa, Coley O. Reynolds, Esquire ("Attorney Reynolds"), has filed an Application to Withdraw ("Application") from his representation of Delarosa, as well as a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant Attorney Reynolds's Application and affirm Delarosa's judgment of sentence.

Briefly, Delarosa's convictions arise out of his involvement in stabbing a man to death outside of his home in Philadelphia in June 2010.  Delarosa fled

---

[1] ***See*** 18 Pa.C.S.A. §§ 2502(c), 903, 902.

the country shortly after the murder. After Delarosa was extradited back to Philadelphia, the Commonwealth charged him with the above-mentioned crimes, as well as possession of an instrument of crime.[2]

Delarosa and the Commonwealth subsequently entered into a negotiated plea agreement. The Commonwealth agreed to recommend that Delarosa receive a total aggregate sentence of 15 to 30 years in prison, if he pled guilty. Prior to accepting Delarosa's plea, the trial court conducted two separate guilty plea hearings. Additionally, Delarosa completed thorough oral and written plea colloquies, stating, *inter alia*, that he was knowingly, intelligently, and voluntarily entering the guilty plea. The trial court accepted Delarosa's plea to the above-mentioned crimes on January 22, 2018.

On February 13, 2018, Delarosa, through Attorney Reynolds, filed a Motion to withdraw his guilty plea. Delarosa asserted therein that he was innocent and that he was not given sufficient time to decide whether to plead guilty. The trial court denied Delarosa's Motion. On February 20, 2018, the trial court sentenced Delarosa, commensurate with the Commonwealth's recommendation, to an aggregate term of 15 to 30 years in prison.

Delarosa timely filed a Notice of Appeal, in response to which the trial court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Attorney Reynolds filed a Statement announcing his

---

[2] *See* 18 Pa.C.S.A. § 907.

intent to file an **Anders** brief in lieu of a concise statement. Thereafter, Attorney Reynolds filed the Application and an **Anders** Brief.[3] The trial court then issued a Pa.R.A.P. 1925(a) Opinion.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief."

---

[3] Delarosa filed an untimely, *pro se* response to the Application and **Anders** Brief on November 20, 2018. Therein, he asserted, *inter alia*, that he is actually innocent of the crimes and that Attorney Reynolds's legal determinations were flawed.

- 3 -

> ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007), ***appeal denied***, 594 Pa. 704, 936 A.2d 40 (2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014).  Once counsel has satisfied the above requirements, this Court must undertake an independent examination of the record to determine whether the appeal is wholly frivolous.  ***Commonwealth v. Townsend***, 693 A.2d 980, 982 (Pa. Super. 1997).

Here, Attorney Reynolds states in the Application that he has conducted an extensive review of the record and concluded that the appeal is frivolous. Application, 7/15/18, at ¶¶ 2, 3.  Attorney Reynolds states that he has notified Delarosa of his intention to withdraw, furnished Delarosa with copies of the Application and ***Anders*** Brief, and advised Delarosa of his right to retain new counsel or proceed *pro se* to raise any points he believes worthy of this Court's attention.  ***Id.*** at ¶¶ 4-5, and Exhibit 1.  Accordingly, Attorney Reynolds has satisfied the procedural requirements of ***Anders***.

Attorney Reynolds's ***Anders*** Brief also comports with the requirements of ***Santiago***, as it includes a recitation of the history of the case, identifies one potential claim for review, and states counsel's conclusion that the claim is without merit and frivolous.  Accordingly, because Attorney Reynolds has complied with the requirements for withdrawing from representation, we will independently review the record to determine whether Delarosa's appeal is, in fact, wholly frivolous.

The **Anders** Brief presents the following issue for our review: "Whether there are any issues of arguable merit that could be raised on direct appeal presently before this Court[,] and whether the appeal is wholly frivolous?" **Anders** Brief at 3 (capitalization omitted).

Attorney Reynolds summarizes Delarosa's claim as follows:

[Delarosa] claims that the lower court abused its discretion by denying his pre-sentence [M]otion to withdraw his guilty plea because the plea was entered unknowingly, unintelligently, and involuntarily. He claims that he should have been permitted to withdraw his plea because he is innocent of the crimes to which he pleaded guilty and because he was not given sufficient time to decide whether or not to waive his right to a trial and enter the negotiated plea he eventually entered.

**Anders** Brief at 9-10 (footnote omitted).

In its Opinion, the trial court cogently addressed Delarosa's claim, set forth the relevant law, and determined that Delarosa was (1) not entitled to withdraw his guilty plea because it was entered knowingly, intelligently, and voluntarily (particularly in light of his having completed thorough written and oral guilty plea colloquies); and (2) afforded sufficient time to consider the Commonwealth's plea offer, and to decide whether to exercise his right to a jury trial. **See** Trial Court Opinion, 4/5/18, at 3-6. We affirm on this basis in likewise concluding that this issue is wholly frivolous. **See id.** Moreover, our independent review of the record reveals no other potential claims that Delarosa could raise that would entitle him to appellate relief.

Application granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/31/19

Circulated 01/10/2019 11:02 AM

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

FILED

2018 APR -5 AM 11: 00

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT
OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA : CP-51-CR-0003855-2017

v. :

RAUL DELAROSA :



CP-51-CR-0003855 2017 Comm. v. Delarosa, Raul
Opinion

8091736751

**OPINION**

**McDermott, J.** **April 5, 2018**

**Procedural History**

On March 10, 2017, the Defendant, Raul Delarosa, was arrested and charged with Murder and related offenses. On January 22, 2018, the Defendant appeared before this Court and entered into a negotiated guilty plea to Third-Degree Murder, Conspiracy to Commit Murder, and Solicitation to Commit Murder. This Court deferred sentencing for further investigation on the Defendant's immigration status. On February 13, 2018, the Defendant filed a *pro se* Motion to Withdraw his Guilty Plea, a Motion for New Counsel, and a Motion to Proceed *In Forma Pauperis*.

On February 20, 2018, this Court denied the Defendant's outstanding motions. On that same date, this Court imposed the negotiated, concurrent fifteen to thirty year terms of imprisonment on each charge, for a total sentence of fifteen to thirty years of imprisonment. The Defendant did not file a post-sentence motion.

On March 5, 2018, the Defendant filed a Notice of Appeal. On March 6, 2018, this Court ordered the Defendant file a Statement of Matters Complained of on Appeal pursuant to

Pa.R.A.P. 1925(b). On March 8, 2018, the Defendant filed a *pro se* Motion to Modify Sentence. On March 22, 2018, the Petitioner's counsel filed a Statement of Intent to File an *Anders/McClendon* Brief.

## Facts

On January 22, 2018, the Defendant pled guilty to the following facts, as recited by the Commonwealth:

> [I]n June of 2010, th[e D]efendant, Raul Delarosa, also known as Javier Cepeda, also known as Edwin Pichardo, requested the . . . codefendant in this case, Hector Rivera . . . to assist him in the killing of the [decedent], Candido Hidalgo.
>
> Hector Rivera, in turn, asked another codefendant . . . Jose Padilla [to] assist in the killing of Mr. Candido Hidalgo.
>
> On . . . June 13th[,] 2010, with the assistance of th[e D]efendant, Hector Rivera and Jose Padilla, armed with knives[,] waited in the back of Mr. Hidalgo's property . . . located at 6120 Cottage Street in Philadelphia . . . between 3:00 a.m. and 4:00 a.m[. W]hen the victim, Mr. Hidalgo, arrived home, they attacked him and stabbed him repeatedly with knives. And they stabbed him in the area of the face, the neck, the hands, and the chest.
>
> Mr. Rivera and Mr. Padilla fled the location . . . Mr. Hidalgo's wife and daughter[,] who were home at the time[, called the emergency services]. Medics arrived and pronounced Mr. Hidalgo dead at 4:07 a.m.
>
> Mr. Hidalgo's body was transported to the Medical Examiner's Office where his remains were examined by forensic pathologist Dr. Aaron Rosen, who determined that the cause of Mr. Hidalgo's death was multiple stab and incise wounds, and that the manner of death was homicide.
>
> Subsequent to the killing of Mr. Hidalgo, th[e D]efendant did make arrangements to pay Mr. Rivera and Mr. Padilla thousands of dollars for their assistance in the killing of Candido Hidalgo. This defendant fled[ ]to the Dominican Republic shortly after the murder and [was] extradited back here to be here for this trial.
>
> . . .
>
> [The D]efendant and Mr. Hidalgo were involved in a drug dealing business together. They were transporting large quantities of drugs from Mexico throughout the East Coast.

2

N.T. 1/22/2018 at 20–22. Prior to the recitation of the facts of the cases, the Defendant completed and signed a Written Guilty Plea Colloquy Form. *See* Exhibit A. This Court reinforced the written colloquy with an extensive oral colloquy. After the Defendant admitted to the facts the Commonwealth recited, this Court accepted his plea as knowing, intelligent, and voluntary.

### Discussion

As counsel intends to file an *Anders/McClendon* brief, this Court conducted an independent review of the record and determined the only issue the Defendant could possibly raise on appeal is whether his guilty plea was knowingly, intelligently, and voluntarily entered, warranting withdraw of his plea. A defendant's challenge to the voluntariness of a plea is waived unless the defendant objected during the plea colloquy or filed a motion to withdraw the plea within ten days of sentencing. *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013).

On February13, 2018, after entering his guilty plea but before sentencing, the Defendant filed his Motion to Withdraw his guilty plea. Within, the Defendant claimed that he did not have sufficient time to consider the Commonwealth's offer, and that he entered into an unknowing, unintelligent, and involuntary plea. The record belies each of the Defendant's claims.

Prior to the trial date, the Commonwealth offered to recommend a fifteen to thirty year sentence in exchange for the Defendant's guilty plea. On January 18, 2018, three days before trial was scheduled to commence, after this Court began to colloquy the Defendant about a possible non-trial disposition, the Defendant requested that he be given until the following Monday to make his decision.[1] N.T. 1/18/2018 at 17. On that date, the Defendant appeared

---

[1] This Court provided a Spanish interpreter to aid the Defendant during this and all subsequent listings.

3

before this Court and announced his intention to plead guilty and accept the Commonwealth's negotiated offer of fifteen to thirty years of imprisonment. N.T. 1/22/2018 at 7–8. Nonetheless, the Petitioner further requested time to present information to the Commonwealth about his knowledge of the drug trafficking organization he belonged to in exchange for a lesser sentence. *Id.* at 13–14. While this Court assured the Defendant that information concerning his willingness to cooperate would be conveyed to the parole board, the Commonwealth informed the Defendant that the chances of altering his sentence were "almost zero." *Id.* at 14–15. Armed with this information, the Defendant nonetheless elected to plead guilty and accept his negotiated sentence

Not only was the Defendant given sufficient time to consider the offer prior to the January 18, 2018 listing, this Court granted the Defendant additional time to deliberate about whether to plead guilty. Only after this Court signed a writ to permit him to speak to representatives of the Commonwealth and continued sentencing to a later date did the Defendant decided to file a motion to withdraw his guilty plea. The Defendant's displeasure in the results of any further negotiations with the Commonwealth is not a legal basis warranting the withdrawal of his plea.

The record plainly demonstrates the Defendant knowingly, intelligently, and voluntarily entered into his plea. The defendant completed a written guilty plea colloquy informing him of his rights and participated in a lengthy oral colloquy. *See* Exhibit A. Under Pa. R. Crim. P. 590, a guilty plea colloquy must inquire into the following areas: (1) the nature of the charges; (2) the factual basis of the plea; (3) the right to trial by jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the judge's authority to depart from any recommended sentence. *Commonwealth v. Muhammad,* 794 A.2d 378, 383-84 (Pa. Super. 2002) (*citing Commonwealth v. Burkholder,* 719 A.2d 346, 349 n. 5 (Pa. Super. 1998)).

4

Once a defendant has entered a guilty plea, it is presumed he was aware of what he was doing and the burden of proving involuntariness is upon him. *Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa. Super. 2013)(citation omitted). In evaluating the adequacy of the guilty plea colloquy and the voluntariness of the resulting plea, the court must examine the totality of circumstances surrounding the plea. *Muhammad*, 794 A.2d at 383-84 (*citing Commonwealth v. Flanagan*, 854 A.2d 489, 500 (Pa. 2004)).

In order to ensure that the Defendant was aware of his rights, this Court supplemented the written plea colloquy with an extensive oral colloquy. This Court explained the nature of the charges against the defendant. N.T. 1/18/2018 at 7–11. After continuing the matter to the following Monday, the defendant was re-informed of his jury trial rights including that the jury had to be unanimous in its decision to find him guilty and that a jury would presume the defendant to be innocent until proven guilty. *Id.* at 18–19. The defendant admitted he conspired with Hector Rivera and Jose Padilla to kill Candido Hidalgo, and that the three of them stabbed Hidalgo to death. *Id.* at 20–22. The Defendant stated to this Court that he was entering into his plea because he was in fact guilty. *Id.* at 22. Finally, the Defendant apologized to the decedent's family for his role in the murder. *Id.* at 33.

The defendant, under oath, stated that he alone decided to enter into a plea upon his own free will, and that he was not promised anything other than the fifteen to thirty year sentence he negotiated in exchange for his plea. *Id.* at 13. The defendant cannot now allege he involuntarily entered the plea because "a person who elects to plead guilty is bound by the statements he makes...and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011). As this Court reiterated during the sentencing hearing, the Defendant clearly and

5

unequivocally admitted to recruiting others to aid him in killing the decedent. The Defendant

presents no basis that would warrant the withdraw of his plea, and therefore his claim fails.

For the foregoing reasons, the defendant's judgment of sentence should be affirmed.


BY THE COURT,

Barbara A. McDermott, J.