J-S74034-14

2015 PA Super 69

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARNELL FLOWERS, | : | |
| | : | |
| Appellant | : | No. 1329 EDA 2014 |

Appeal from the Judgment of Sentence March 21, 2014,
Court of Common Pleas, Montgomery County,
Criminal Division at No. CP-46-CR-0000061-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARNELL FLOWERS, | : | |
| | : | |
| Appellant | : | No. 1330 EDA 2014 |

Appeal from the Judgment of Sentence March 21, 2014,
Court of Common Pleas, Montgomery County,
Criminal Division at No. CP-46-CR-0004340-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARNELL FLOWERS, | : | |
| | : | |
| Appellant | : | No. 1331 EDA 2014 |

Appeal from the Judgment of Sentence March 21, 2014,
Court of Common Pleas, Montgomery County,
Criminal Division at No. CP-46-CR-0007596-2011

BEFORE:  BENDER, P.J.E, DONOHUE and STRASSBURGER*, JJ.


*Retired Senior Judge assigned to the Superior Court.

OPINION BY DONOHUE, J.:                    **FILED APRIL 10, 2015**

Darnell Flowers appeals from the judgment of sentence entered following his convictions of three counts of retail theft, 18 Pa.C.S.A. § 3929(a)(1). His court-appointed counsel ("Counsel") has filed a motion seeking permission to withdraw and a brief in support thereof pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We deny counsel's request to withdraw and remand for counsel to take appropriate action in conformance with our decision.

We begin with a brief factual and procedural background. Between September 2011 and September 2012, the Commonwealth charged Flowers in three separate incidents with retail theft and other related charges. On January 28, 2013, Flowers entered an open guilty plea to three counts of retail theft. On March 21, 2014, the trial court sentenced Flowers to two consecutive sentences of eleven and a half to twenty-three months of imprisonment, to be followed by four years of probation. Flowers filed a timely post-sentence motion asking the trial court to reconsider his sentence, which the trial court denied. Counsel timely filed a notice of appeal. In response to the trial court's directive to file a statement of matters complained of on appeal, Counsel filed a statement of his intent to

file an **Anders** brief, pursuant to Pa.R.A.P. 1925(c)(4),[1] and identified one issue that could arguably support an appeal: whether the aggregate sentence was unduly harsh and excessive, which Flowers also raised in his post-sentence motion. Concise Statement, 6/10/14. In response, the trial court authored an opinion discussing the issue Counsel identified and urged this Court to conclude that it did not amount to a "'non-frivolous' claim for relief." Trial Court Opinion, 6/30/14, at 3. Counsel then filed his request to withdraw and **Anders** brief with this Court.

The request by appointed counsel to withdraw pursuant to **Anders** triggers specific requirements, certain of which apply to appointed counsel and others to the court to which appointed counsel makes his or her request for withdrawal. These requirements and the significant protection they provide to an **Anders** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007). This Court has summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a

---

[1] "In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an **Anders/McClendon** brief in lieu of filing a Statement. If, upon review of the **Anders/McClendon** brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel." Pa.R.A.P. 1925(c)(4).

conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

**Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

**Id.** (citations omitted).

There are also requirements as to the precise content of an **Anders** brief:

[T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

If counsel has met these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Id.** at 354 n.5.

Counsel has adequately satisfied the technical requirements of **Anders** and **Santiago**. He has filed a petition seeking to withdraw with this Court, in which he states his belief that after an examination of the record, the appeal is wholly frivolous. Attached to that petition is a copy of the letter he sent to Flowers, which indicates that he enclosed copies of his petition to withdraw and **Anders** brief, and advises Flowers that he can retain new counsel or proceed pro se to raise with this Court any additional points he deems worthy. Further, the content of Counsel's **Anders** brief conforms to the **Santiago** requirements previously set forth.

We now turn to this Court's role in the **Anders** procedure: the independent review of the record. Binding precedent from the Pennsylvania Supreme Court and this Court requires that an independent review of the record include the review of the entire record for any non-frivolous issues.

To begin, we note that the **Anders** procedure was created to balance an indigent appellant's right to counsel on direct appeal with appointed counsel's professional responsibility to not file a frivolous appeal. **Anders**, 386 U.S. at 739 ("We are here concerned with the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal."). In the **Anders** decision, the United States Supreme Court directed that when a reviewing court is provided with a request to withdraw and after determining that counsel fulfilled his or her

obligations, the reviewing court "proceeds, after a full examination of **all the proceedings**, to decide whether the case is wholly frivolous." ***Id.*** at 744 (emphasis added). The United States Supreme Court did not limit the reviewing court's inquiry to the proceedings relevant to the issues raised in the ***Anders*** brief. The only logical inference from the United States Supreme Court's mandate that the reviewing court examine **all** of the proceedings is that the reviewing court must make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues.[2] The Pennsylvania Supreme Court made this inference explicit in ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), wherein it adopted the ***Anders*** procedure and explained that

> [t]he major thrust of ***Anders*** was to assure a careful assessment of **any** available claims that an indigent appellant might have. That end is achieved by requiring counsel to conduct an exhaustive examination of the record and by also placing the responsibility on the reviewing court to make an

---

[2] We recognize that the review of the record for potential issues that appointed counsel might have overlooked could appear to be premised on the assumption that appointed counsel will be derelict in his or her duty. In fact, this was the focus of the dissent in ***Anders***. ***See Anders***, 386 U.S. at 746-47 ("The quixotic requirement imposed by the Court can be explained, I think, only upon the cynical assumption that an appointed lawyer's professional representation to an appellate court in a 'no-merit' letter is not to be trusted. … I cannot believe that lawyers appointed to represent indigents are so likely to be lacking in diligence, competence, or professional honesty."). Yet, this concern was relegated to the dissent; it did not garner the sympathies of the majority of the High Court, who clearly indicated that the reviewing court was to bring its own expertise to bear by assessing the entire proceeding for **any** non-frivolous issues.

> independent determination of the merit of the appeal.

**McClendon**, 434 A.2d at 1188, *modified by* **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009) (emphasis added). Indeed, more recently the Pennsylvania Supreme Court discussed the contours of appointed counsel's obligation in the **Anders** context and reiterated this exact passage from **McClendon**, thereby reinforcing that the overarching purpose of this bifurcated procedure is to guarantee that counsel has searched the entire record for any potentially non-frivolous issues. **Commonwealth v. Santiago**, 978 A.2d 349, 358 (Pa. 2009) (discussing **McClendon**, 434 A.2d at 1188).[3]

Neither the Pennsylvania Supreme Court nor an en banc panel of this Court has explicitly discussed this issue. However, this Court's en banc decision in **Commonwealth v. Goodwin**, 928 A.2d 287 (Pa. Super. 2007) (en banc), indicates that this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues

---

[3] In footnote five of **Santiago**, our Supreme Court distinguished the **Anders**/**McClendon** "full examination of all the proceedings" language from several federal cases indicating that courts are to limit their review to the issues presented in an **Anders** brief if the brief "appears adequate on its face." **Santiago**, 978 A.2d at 355 n.5. Our Supreme Court expressly declined to address the discrepancy between these approaches. **Id.** **McClendon**, therefore, remains binding precedent with respect to the extent of the reviewing court's duties in an **Anders** situation.

overlooked by counsel.[4] ***Goodwin***, 928 A.2d at 292-93. Additional Pennsylvania case law is in agreement with this approach. ***See, e.g.***, ***Commonwealth v. James***, 46 A.3d 776, 778 (Pa. Super. 2012) (en banc) (stating the history of the case, which included an unpublished memorandum decision by a three-judge panel of this Court wherein we denied counsel's request to withdraw pursuant to ***Anders***, as the panel found an issue of arguable merit and remanded the case for the filing of an advocates brief); ***Commonwealth v. Zeigler***, __ A.3d __ , 2015 WL 1268158 (Pa. Super. March 20, 2015); ***Commonwealth v. Harden***, 103 A.3d 107, 111 (Pa. Super. 2014) ("We now must conduct an independent review of the record to determine whether the issues identified by Harden in this appeal are, as counsel claims, wholly frivolous, or if there are any other meritorious issues present in this case."); ***Commonwealth v. Vilsaint***, 893 A.2d 753, 755 (Pa. Super. 2006) ("Part and parcel of ***Anders*** is our Court's

---

[4] In his dissent, Judge Strassburger concludes that this Court's review of the record is limited to assessing the issue or issues presented by appointed counsel in the ***Anders*** brief, and cites four cases in support of his conclusion. Dissenting Opinion at 2-3. None of these cases addresses the role of this Court when presented with an ***Anders*** brief. Judge Strassburger states that he will continue to adhere to this view until those cases are overruled. ***Id.*** at 4. In ***Goodwin***, an en banc panel of this Court performed an independent review of the record for any issues of arguable merit, thereby endorsing the approach we adopt today and implicitly overruling the approach to which Judge Strassburger ascribes. ***See Commonwealth v. Burkholder***, 719 A.2d 346, 352 (Pa. Super. 1998) (holding that three-judge panel is bound by a prior en banc decision of this Court); Pa.R.A.P. 3103 ("An opinion of the court en banc is binding on any subsequent panel of the appellate court in which the decision was rendered.").

duty to review the record to insure no issues of arguable merit have been missed or misstated.").

Accordingly, we have delved further than assessing just the discretionary aspect of sentence issue raised by Counsel and reviewed the entire record to ensure that there are no other non-frivolous issues present. As a result, we have determined that the notes of testimony from Flowers' guilty plea proceeding are not part of the record.[5] Without these notes of testimony, Counsel could not have fulfilled his duty to review the entire record for any non-frivolous issues. **Vilsaint**, 893 A.2d at 758 ("[C]ounsel cannot fulfill the mandates of **Anders** unless he has reviewed the **entire** record."); **see also Santiago,** 978 A.2d at 360 (providing that "[u]nder Anders, the right to counsel is vindicated by counsel's examination and assessment of the record" for issues other than those identified by the appellant). More specifically, without these notes of testimony, counsel could not have assessed whether any non-frivolous issues exist in connection with Flowers' guilty plea proceeding. We therefore cannot conclude that Counsel has fulfilled his obligations pursuant to **Anders**. Thus, we deny counsel's petition to withdraw and remand with instructions for counsel to obtain the missing notes of testimony and to file an advocate's

---

[5] Flowers filed a motion requesting transcripts of both the guilty plea and sentencing proceedings. Motion for Transcripts, 4/30/14. The only transcript in the record is from the sentencing proceeding.

brief or another **Anders** brief and petition seeking to withdraw following his review of a complete record.

Petition denied.  Case remanded.  Panel jurisdiction retained.

Bender, P.J.E. joins the Opinion.

Strassburger, J. files a Dissenting Opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2015