J-A26032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| GABINO BERNAL, | : | |
| | : | |
| Appellant | : | No. 138 WDA 2016 |

Appeal from the Judgment of Sentence October 7, 2015
in the Court of Common Pleas of Allegheny County,
Criminal Division, No(s): CP-02-CR-0002976-2013

BEFORE: BENDER, P.J.E., RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED DECEMBER 19, 2016**

Gabino Bernal ("Bernal") appeals from the judgment of sentence, which was imposed on remand as a result of his convictions of unlawful contact with a minor, indecent assault of a person less than 13 years of age, and corruption of minors.[1] We vacate the judgment of sentence and again remand for resentencing.

The trial court briefly summarized the facts underlying the instant appeal as follows:

> [I]n the fall of 2003, [Bernal] lived with his girlfriend [E.C.], her eight[-]year[-]old daughter, [the victim], and her 11[-]year[-]old son, [J.], who has cerebral palsy and is confined to a wheelchair. It was customary for [Bernal] to pick up [the victim] from school and walk her home when her mother was not able to do so. Sometime that fall, [the victim] got in trouble at school, and her teacher told [Bernal] when he arrived to pick her up. [Bernal] became angry and pulled [the victim's] hair during the walk home. Upon arriving at their house, [Bernal] took [the

---
[1] *See* 18 Pa.C.S.A. §§ 6318.1, 3126(a)(7), 6301(a)(1).

victim] to the bedroom he shared with her mother, forcibly undressed her and raped her. [The victim] testified that the rapes occurred numerous times over the course of the next several months. [Bernal] threatened to hurt [J.], with whom [the victim] was very close, if she told anyone.

Trial Court Opinion, 4/3/14, at 1-2.

Bernal was charged with rape of a child,[2] and the above-described crimes. A jury acquitted Bernal of rape of a child, but convicted him of the remaining charges. The trial court sentenced Bernal to a prison term of 9 to 18 years for his conviction of unlawful contact with a child. The trial court imposed no further penalty for Bernal's remaining convictions.

On appeal, this Court affirmed Bernal's conviction, but vacated the judgment of sentence and remanded for resentencing. *Commonwealth v. Bernal*, 116 A.3d 682 (Pa. Super. 2014) (unpublished memorandum at 17). This Court explained its decision as follows:

> The convictions of indecent assault and corruption of minors are graded as misdemeanors of the first degree. Because the default grading provision of [18 Pa.C.S.A. §] 6318(b)(2), a felony of the third degree, is greater than the two other convictions for misdemeanors of the first degree, [Bernal's] conviction of unlawful contact with a minor must be graded as a felony of the third degree.
>
> Sentencing for a felony of the third degree "shall be fixed by the court at not more than seven years." [Bernal] was sentenced to incarceration for nine to eighteen years. As such, the trial court erred in sentencing [Bernal]. Thus, we are constrained to vacate [Bernal's] sentence and remand the matter for resentencing.

*Id.* (unpublished memorandum at 16-17).

---

[2] *See* 18 Pa.C.S.A. § 3121(c).

On remand and after a hearing, the trial court sentenced Bernal to a prison term of two to seven years for his conviction of unlawful contact with a minor, as a third-degree felony. For his conviction of indecent assault of a person less than 13 years of age, the trial court sentenced Bernal to a consecutive prison term of two to five years. Finally, for his conviction of corruption of minors, the trial court sentenced Bernal to a consecutive prison term of two to five years. In total, Bernal was sentenced to 6 to 17 years in prison, the court having imposed the statutory maximum penalty for each of the three charges. Bernal filed post-sentence Motions, *nunc pro tunc*, which the trial court denied. Thereafter, Bernal filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Bernal now presents the following claim for our review:

Is the sentence of six to 17 years of incarceration, the maximum permitted under the law, manifestly excessive and an abuse of the sentencing court's discretion in that the [c]ourt failed to consider, as it must, all required sentencing factors set forth in the Sentencing Code (specifically, 42 Pa.C.S.[A.] § 9721(b) (protection of the public, gravity of the offense, and the rehabilitative needs of the defendant)), and also failed to acknowledge the appropriate ranges set forth in the sentencing guidelines for a defendant with no prior record? In other words, when sentencing becomes a form of retribution against [Bernal], based upon the crime itself, and a knee-jerk maximum sentence is imposed without reasons for imposing the maximum against [Bernal] placed on the record, was the sentence not individually tailored to [Bernal], requiring another resentencing hearing?

Brief for Appellant at 6.

Bernal challenges the discretionary aspects of his sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004). Prior to reaching the merits of a discretionary aspect of sentencing issue, we conduct a four-part analysis to determine whether (1) the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) the issue has been properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) the appellant's brief includes a statement of reasons relied upon for allowance of appeal, *see* Pa.R.A.P. 2119(f); and (4) there is a substantial question that the sentence is not appropriate under the Sentencing Code, *see* 42 Pa.C.S.A. § 9781(b). *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

Here, Bernal timely filed his Notice of appeal, and preserved his claim in a post-sentence Motion. Bernal includes in his appellate brief a Statement of Reasons relied upon for allowance of appeal, in accordance with Pa.R.A.P. 2119(f). We next determine whether Bernal's Statement of reasons raises a substantial question.

In his Statement of Reasons, Bernal asserts that the trial court abused its discretion by sentencing him to consecutive sentences, at the statutory maximum for each conviction, resulting in a manifestly excessive sentence.

Brief for Appellant at 13, 16. This claim raises a substantial question. **See**

**Commonwealth v. Bonner**, 135 A.3d 592, 604 (Pa. Super. 2016)

(concluding that a claim of an excessive sentence, based upon the

imposition of consecutive, standard range sentences, raises a substantial

question).

Bernal's Statement of Reasons further contends that the trial court

improperly failed to offer reasons for its sentence that comport with the

considerations required by 42 Pa.C.S.A. § 9721(b) (setting forth the general

standards for sentencing). Brief for Appellant at 13-14. This claim also

raises a substantial question that the sentence is not appropriate under the

Sentencing Code. **See Commonwealth v. Coulverson**, 34 A.3d 135, 143

(Pa. Super. 2011) (recognizing that a claim that impugns the trial court's

failure to offer specific reasons for the sentence, which "comport with the

considerations required in section 9721(b)[,]" raises a substantial question);

**see also Commonwealth v. Sheller**, 961 A.2d 187, 190 (Pa. Super. 2008)

(stating that an "[a]ppellant's contention that the sentencing court exceeded

the recommended range in the sentencing guidelines without an adequate

basis raises a substantial question for this Court to review.").

In his Statement of Reasons, Bernal also asserts that the trial court

abused its discretion by deviating from the sentencing guidelines without

considering all relevant factors, refusing to consider mitigating factors, and

relying upon impermissible factors, resulting in an excessive sentence.

Brief for Appellant at 14-15. These assertions raise substantial questions. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015 (*en banc*) (stating that a claim of an excessive sentence, in conjunction with a claim that the trial court failed to consider relevant mitigating factors, raises a substantial question); *Commonwealth v. Scassera*, 965 A.2d 247, 250 (Pa. Super. 2009) (recognizing that a claim that the sentencing court failed to consider the applicable sentencing guidelines, prior to exceeding them, presents a substantial question); *Commonwealth v. Ahmad*, 961 A.2d 884, 887 (Pa. Super. 2008) (concluding that a claim that the sentencing court failed to consider a defendant's individualized circumstances when imposing sentence raises a substantial question); *Commonwealth v. Holiday*, 954 A.2d 6, 10 (Pa. Super. 2008) (stating that a claim that the sentencing court imposed a sentence outside of the guidelines, without specifying sufficient reasons, presents a substantial question); *Commonwealth v. Simpson*, 829 A.2d 334, 338 (Pa. Super. 2003) (stating that a claim that the sentencing court "relied on impermissible factors, by considering factors already included in the sentencing guidelines" raises a substantial question).

Because Bernal's sentencing challenges raise substantial questions, we will address the merits of each contention.

As this Court has explained,

the proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of

discretion. [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

*Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012)

(citation omitted).

[I]n exercising its discretion, the trial court must consider the character of the defendant and the particular circumstances of the offense in light of the legislative [g]uidelines for sentencing, and the court must impose a sentence that is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant.

*Commonwealth v. Guth*, 735 A.2d 709, 711 (Pa. Super. 1999) (quoting

*Commonwealth v. Burkholder*, 719 A.2d 346, 350 (Pa. Super. 1998));

*see* 42 Pa.C.S.A. § 9721(b).

Our review is guided by 42 Pa.C.S.A. § 9781(c) and (d), which provide as follows:

**§ 9781. Appellate review of sentence**

\* \* \*

**(c) Determination on appeal.--**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

\* \* \*

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

**(d) Review of record.--**In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(c), (d).

Bernal first argues that the trial court improperly "failed to mention the sentencing guidelines during [] sentencing, or acknowledge [that] the standard ranges in the guidelines were much lower than the sentence imposed." Brief for Appellant at 24. Bernal contends that, although defense counsel and the prosecutor mentioned the applicable guidelines ranges at the hearing, the trial court failed to acknowledge or mention the guidelines, and did not recognize, on the record, "how much of a disparity existed between the sentence that was suggested by the sentencing guidelines for an offender with no criminal history, and what the court imposed." *Id.* at 25.

Where, as here, a court imposes a sentence outside of the sentencing guidelines, the court must provide, in open court, a contemporaneous statement of reasons in support of its sentence. 42 Pa.C.S.A. § 9721(b).

> [A sentencing] judge ... [must] demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as it also states of record the factual basis and specific reasons which compelled it to deviate from the guideline range.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1264 (Pa. Super. 2012) (citation and brackets omitted). "[T]he court need not recite the numeric range of sentences within the guidelines[,] so long as the record demonstrates the court's recognition of the applicable sentencing range and the deviation of the sentence from that range." *Commonwealth v. Rodda*, 723 A.2d 212, 213 (Pa. Super. 1999) (citation omitted). "[T]he record must demonstrate[,] "with clarity[,] that the court considered the sentencing guidelines in a rational and systematic way and made a dispassionate decision to depart from them." *Id.* at 216. In addition, "a sentencing judge may satisfy [the] requirement of disclosure on the record of [the judge's] reasons for imposition of a particular sentence without providing a detailed, highly technical statement."[3] *Commonwealth v. Hunzer*, 868 A.2d 498, 514 (Pa. Super. 2005) (citation omitted).

---

[3] Our review of the record discloses no evidence that the trial court had the benefit of a pre-sentence investigative ("PSI") report at the resentencing hearing. *See Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (stating that where a sentencing court is informed by a PSI, it is "presumed that the court is aware of all appropriate sentencing factors," which includes the applicable sentencing guidelines).

At the resentencing hearing, Bernal's counsel generally advised the sentencing judge that "the guidelines in this case are three to twelve months in the standard range." N.T., 10/7/15, at 2. The prosecutor also advised the sentencing judge that

> [t]he guidelines at the unlawful contact, which is graded as a Felony 3, are three to twelve months in the standard range; the guidelines for the indecent assault, graded as a misdemeanor of the first degree, are RS to nine months; and the Guidelines for the corruption of minors, which is a misdemeanor of the first degree, are RS to three months.

*Id.* at 5.[4] There was no discussion of the aggravated guidelines ranges.

There is no indication of record that the sentencing judge was aware of the applicable guidelines ranges, and the extent of her deviation from the guidelines in sentencing Bernal. *See* N.T., 10/7/15, at 6-7 (providing no indication that the sentencing judge was aware of the applicable guidelines ranges, or the extent of her deviation from the applicable guidelines ranges). Rather, the record reflects that the sentencing judge was determined to impose the maximum sentences permitted by statute, regardless of the guidelines. *See id.* Our review discloses nothing of record demonstrating, "with clarity[,]" that the sentencing judge considered the guidelines ranges in a rational way, and made "a dispassionate decision to depart from them." *Rodda*, 723 A.2d at 216. The sentencing judge's omission compels us to once again vacate the judgment of sentence, and remand for resentencing.

---

[4] The prosecutor requested that the court impose the statutory maximum for each offense. *See* N.T., 10/7/15, at 5.

At resentencing, the sentencing judge is directed to demonstrate on the record and "with clarity[,]" that it considered the guidelines in "a rational and systematic way," and, if applicable, "made a dispassionate decision to depart from them." ***See id.***

Bernal next argues that the sentencing judge abused her discretion by failing to consider Bernal's rehabilitative needs at resentencing. Brief for Appellant at 28. Bernal argues that the judgment of sentence should be vacated, and the case remanded, so that the sentencing judge may properly consider his rehabilitative needs at sentencing. ***Id.*** at 29-30.

The Sentencing Code provides that before imposing sentence, the trial court must consider (1) the protection of the public; (2) the gravity of the offense as it relates to the impact on the life of the victim and on the community; and (3) the rehabilitative needs of the defendant. 42 Pa.C.S.A. § 9721(b). Pennsylvania Rule of Criminal Procedure 702(A)(1) vests a sentencing judge with the discretion to order a PSI report as an aid in imposing an individualized sentence.[5] ***See*** Pa.R.Crim.P. 702(A)(1). Where the sentencing court declines to order a PSI report,

> [t]he sentencing judge shall place on the record the reasons for dispensing with the [PSI] report … in any of the following instances:

---

[5] "Where the sentencing judge had the benefit of a [PSI] report, it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors." ***Commonwealth v. L.N***., 787 A.2d 1064, 1071 (Pa. Super. 2001).

> **(a)** when incarceration for one year or more is a possible disposition under the applicable sentencing statutes;
> …
> **(c)** when a defendant is a first offender in that he or she has not heretofore been sentenced as an adult.

Pa.R.Crim.P. 702(A)(2)(a), (c).

Here, a sentence of one year or more was a possible disposition under the applicable sentencing statutes, and Bernal was a first-time offender. Notwithstanding, the trial court did not order a PSI report, or state on the record its reasons for not ordering the report.

A trial court's technical non-compliance with the requirements of Rule 702(A)(2) may be rendered harmless where the court elicits sufficient information to substitute for a PSI report, thereby allowing a fully informed sentencing decision.[6] ***Commonwealth v. Flowers***, 950 A.2d 330, 333 (Pa. Super. 2008). As our Supreme Court has explained,

> [t]he "essential and adequate elements" of a PSI report include all of the following:
>
> (A) a complete description of the offense and the circumstances surrounding it, not limited to aspects developed for the record as part of the determination of guilt;
>
> (B) a full description of any prior criminal record of the offender;
>
> (C) a description of the educational background of the offender;

---

[6] However, a sentencing judge's familiarity with the case does not necessarily mean that there is enough information to sentence the defendant without a PSI. ***Flowers***, 950 A.2d at 333-34.

- 12 -

(D) a description of the employment background of the offender, including any military record and including his present employment status and capabilities;

(E) the social history of the offender, including family relationships, marital status, interests and activities, residence history, and religious affiliations;

(F) the offender's medical history and, if desirable, a psychological or psychiatric report;

(G) information about environments to which the offender might return or to which he could be sent should probation be granted;

(H) supplementary reports from clinics, institutions and other social agencies with which the offender has been involved;

(I) information about special resources which might be available to assist the offender, such as treatment centers, residential facilities, vocational training services, special educational facilities, rehabilitative programs of various institutions to which the offender might be committed, special programs in the probation department, and other similar programs which are particularly relevant to the offender's situation;

(J) a summary of the most significant aspects of the report, including specific recommendations as to the sentence if the sentencing court has so requested.

***Commonwealth v. Goggins***, 748 A.2d 721, 728-29 (Pa. Super. 2000) (*en banc*) (citation omitted).

We recognize that in this case, the sentencing judge had the benefit of a PSI report at Bernal's first sentencing hearing, which took place on November 19, 2013. N.T., 11/19/13, at 2. At Bernal's 2015 resentencing hearing, the sentencing judge gave no indication that she had reviewed the 2013 PSI report. The sentencing judge did not order an updated PSI report,

- 13 -

or state her reasons for not requesting an updated PSI report, as required by Pa.R.Crim.P. 702(A)(2).

Based upon the record before us, we cannot presume that the sentencing judge was aware of relevant information regarding Bernal's character, "and weighed those considerations along with the mitigating statutory factors." *See L.N*., 787 A.2d at 1071. Although the sentencing judge heard testimony from Bernal's wife regarding their family life, *see* N.T., 10/7/15, at 4, her testimony does not approach the level of thoroughness afforded by a properly crafted PSI report. *See Goggins*, 748 A.2d at 728-29. As a result, we are constrained to conclude that the sentencing judge violated Pa.R.Crim.P. 702(A)(2) when resentencing Bernal. Accordingly, we vacate Bernal's judgment of sentence and remand for resentencing on this basis as well.

Bernal next argues that the sentencing judge abused her discretion when she "double counted" the seriousness of the offenses at sentencing. Brief for Appellant at 30. Bernal contends that "when fashioning a sentence, a sentencing court may not 'double count' factors already taken into account in the sentencing guidelines." *Id.* (quoting *Goggins*, 748 A.2d at 732).

The sentencing judge offered the following explanation in support of her sentence:

> I would incorporate my remarks from the first sentencing into this sentencing. I agree there is no prior record score for [Bernal]. He probably was a good father, but he also had his family at the time that this crime occurred. I sat here and

- 14 -

watched the victim and know what an impact it had on her, not only on her personally being physically assaulted, but also she was threatened with something ill happening to her disabled brother, as I remember.

N.T., 10/7/15, at 6. At the prior sentencing hearing, the trial court offered the following explanation in support of the sentence:

I understand, Mr. Bernal, there is an immigration hold on you, and that at the end of your sentence, you will be deported to Mexico; however, unfortunately, there are children also in Mexico, and I agree with [the prosecutor] that you are not only a danger to our society, but to any society into which you would be released. This is especially a sad case, because you violated a position of trust. This was a young lady who looked up to you as a stepparent, and you not only sexually assaulted her, you also threatened her with her brother, with whom she was very close. I have seen no remorse. I have seen no evidence that you are going to rehabilitate yourself or change.

N.T, 11/19/13, at 10. Thus, it would appear that the trial court emphasized not only the seriousness of the crime, but its impact upon the victim, the danger posed by Bernal, as well as the lack of evidence of remorse and rehabilitation. Based upon the record before us, we conclude that the trial court did not "double count" the seriousness of the offense when resentencing Bernal. Thus, we cannot grant Bernal relief on this claim.

Finally, Bernal argues that the sentencing judge abused her discretion when she failed to impose an "individualized" sentence. Brief for Appellant at 31. In support, Bernal directs our attention to several pending appeals in

which the same sentencing judge imposed consecutive, statutory maximum sentences for sex offenses.[7] *Id.* at 32, Appendix A. Bernal argues that

> [c]onsidering the wholly abbreviated sentencing hearings in this case, and the lack of reflection on [Bernal's] rehabilitative needs or, indeed, anything except retribution on the victim's behalf, it appears that the sentencing [judge] came to the bench with the fixed purpose of imposing as great a sentence as she could on [Bernal].

*Id.* at 33. Bernal asserts that "[t]his violates the principles of individualized sentencing and is reversible error." *Id.*

Our review of the record discloses that at resentencing, the sentencing judge imposed consecutive, statutory maximum sentences for each conviction. N.T., 10/7/15, at 6-7 (wherein the trial court states the sentence for each charge). The cases set forth by Bernal (in Appendix C to his appellate brief) reveals that the sentencing judge previously had imposed sentences outside of the guidelines ranges, statutory maximum sentences, and/or consecutive sentences, for those cases listed. However, we cannot conclude, from this limited information, that the sentencing judge imposes such sentences in all (or most) sex-offense cases.

Notwithstanding the limited record before us, we express our concern regarding the sentencing judge's failure to acknowledge the guidelines, and the imposed sentences' deviation from the guidelines. We further are concerned that before imposing consecutive, statutory maximum sentences, the sentencing judge failed to request an updated PSI report, and failed to

---

[7] The cases listed are matters of public record.

acknowledge or consider the rehabilitative needs of Bernal, as well as mitigating evidence. Bernal's apparent claim of bias by the sentencing judge,[8] based upon his lack of individualized sentencing, indicates that on remand, a motion for recusal may be appropriate so that a complete record may be developed.[9]

In summary, we reverse the judgment of sentence and remand for resentencing consistent with this Memorandum. On remand, Bernal is not precluded from filing a motion to recuse the sentencing judge, so that the record may be developed regarding his claim of bias and lack of individualized sentencing.

Judgment of sentence reversed. Case remanded for resentencing and further proceedings consistent with this Memorandum. Superior Court jurisdiction relinquished.

---

[8] *See* Brief for Appellant at 33 (wherein Bernal asserts that the sentencing judge "came to the bench with the fixed purpose of imposing as great a sentence as she could on [Bernal].").

[9] By command of our Supreme Court, this Court is not permitted, *sua sponte*, to order a judge to recuse herself from a case. *Commonwealth v. Whitmore*, 912 A.2d 827, 833-34 (Pa. 2006). We nonetheless would be remiss if we did not express our concern for a sex offender's ability to receive individualized sentencing before a sentencing judge, who consistently imposes consecutive and/or statutory maximum sentences upon a particular class of offenders. By filing a recusal motion, Bernal may fully develop the record regarding such a challenge.

J-A26032-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2016