J. S93009/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| V. | : | |
| | : | |
| BRANDON A. NIXON, | : | |
| | : | |
| Appellant | : | No. 1174 EDA 2016 |
| | : | |

Appeal from the PCRA Order March 23, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000509-2011

BEFORE: DUBOW, SOLANO AND PLATT[*], JJ.

MEMORANDUM BY DUBOW, J.:                          **FILED MARCH 15, 2017**

Appellant, Brandon A. Nixon, appeals from the March 23, 2016 Order entered in the Philadelphia County Court of Common Pleas denying his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm on the basis of the PCRA court's June 6, 2016 Opinion.

The relevant facts and procedural history are as follows.  In September 2008, Appellant and his co-conspirator entered a private residence in the middle of the night through a window, struck a female resident in the head with a gun, pushed her into the dining room table that shattered, and then threw her infant son at her.  When her brother came to investigate,

---

[*] Retired Senior Judge Assigned to the Superior Court.

Appellant struck him in the head several times with a gun and pushed him down the basement stairs, causing him to suffer severe injuries, including a broken jaw and hemorrhaging. After a long investigation, the Commonwealth obtained DNA evidence linking Appellant to the violent home invasion and on March 10, 2011, the Commonwealth charged Appellant with numerous crimes.

During pre-trial negotiations, the Commonwealth made an initial plea offer to Appellant of six (6) to twelve (12) years in prison, which Appellant rejected. Appellant believed that he should not serve more than two (2) years in prison because he lacked a significant criminal history. The Commonwealth refused to offer less.

On December 15, 2011, Appellant entered an open guilty plea to Conspiracy to Commit Burglary, Burglary, and two counts of Robbery.[1] In exchange for Appellant's plea, the Commonwealth agreed to waive all mandatory minimum sentences and sentencing enhancements, provided that Appellant met with Detectives to provide additional information about how the crimes occurred.

After the plea was entered but before sentencing, Appellant's counsel, Steve Jarmon, Esq. ("Attorney Jarmon"), reached out to the Commonwealth to inquire what they would be recommending at the time of Appellant's

---

[1] 18 Pa.C.S. § 903(a); 18 Pa.C.S. § 3502(a); 18 Pa.C.S. § 3701(a)(1)(i) and (ii), respectively.

sentencing hearing. N.T. PCRA Hearing, 6/19/15, at 28-29. Assistant District Attorney John Pavloff, Esq. ("ADA Pavloff"), who represented the Commonwealth during the plea hearing, told Attorney Jarmon, "I'll stick with my plea offer, six years." *Id.* at 29.

Prior to sentencing, Appellant met with Detectives and failed to provide any information relating to the crimes. Appellant indicated that he was high on drugs during the crimes and did not remember anything.

At sentencing, unsatisfied with Appellant's proffer to Detectives, the Commonwealth recommended that the court sentence Appellant to eleven (11) to twenty-two (22) years' incarceration, a higher recommendation than the initial plea offer, but did not seek any mandatory minimum sentences or sentencing enhancements.[2]

On March 22, 2012, the court sentenced Appellant to an aggregate term of nine (9) to twenty (20) years' incarceration. Appellant timely filed a Post-Sentence Motion on March 26, 2012, which the court denied on August 17, 2012, after an evidentiary hearing.

On September 13, 2012, Appellant filed a direct appeal and this Court affirmed Appellant's Judgment of Sentence on July 30, 2013.

---

[2] Deputy District Attorney Ronald C. Yen, Esq., ADA Pavloff's supervisor, represented the Commonwealth at sentencing as ADA Pavloff's employment with the Chester County District Attorney's Office had been terminated.

*Commonwealth v. Nixon*, No. 2563 EDA 2012 (Pa. Super. filed July 30, 2013) (unpublished memorandum).

On August 27, 2014, Appellant filed a timely and counseled PCRA Petition. On October 23, 2014, the PCRA court ordered Appellant to file an Amended PCRA Petition, which Appellant filed on March 6, 2015, after the PCRA court granted several extensions. The PCRA court held an evidentiary hearing on Appellant's PCRA Petition on June 19, 2015 and February 11, 2016. On March 23, 2016, the PCRA court denied and dismissed Appellant's PCRA Petition.

Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925(b).

Appellant presents the following issue for our review: "Whether the [t]rial [c]ourt erred by denying Appellant's [PCRA Petition] where Appellant's [t]rial [c]ounsel was ineffective for failing to sufficiently advise Appellant of the risks associated with an open guilty plea, rendering that plea involuntary and unknowing?" Appellant's Brief at 4.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's

legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3).

In the instant case, Appellant avers that plea counsel was ineffective. ***See*** Appellant's Brief at 4; 42 Pa.C.S. § 9543(a)(2)(ii). This claim lacks merit.

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. ***Id***. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002). Further,

"[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [A]ppellant to enter an involuntary or unknowing plea." **Fears, supra** at 806-07 (citation omitted).

The Honorable Anthony A. Sarcione, sitting as both the sentencing court and the PCRA court, has authored a comprehensive, thorough, and well-reasoned Opinion, citing to the record and relevant case law in addressing Appellant's ineffectiveness claim. The record supports the PCRA court's findings and its Order is otherwise free of legal error. We affirm on the basis of the PCRA court's June 8, 2016 Opinion which concluded that the underlying claim is without merit because: (1) after Appellant rejected the Commonwealth's negotiated plea offer, Attorney Jarmon's advice to tender an open plea was a reasonable one designed to effectuate Appellant's interests; (2) Attorney Jarmon testified credibly that he informed Appellant about the risks of entering an open guilty plea, specifically that the Commonwealth could recommend a sentence in excess of the original offer and that the sentencing court could order a sentence in excess of the original offer; (3) Appellant acknowledged on the record that he understood what an open plea was; (4) Appellant acknowledged on the record that he had "no idea" what the sentence was going to be; (5) Appellant acknowledged on the record that he understood the maximum penalty for each offense was twenty (20) years' incarceration; (6) Appellant

acknowledged on the record that the sentencing court could deviate up or down from the sentencing guidelines as long as it stayed within the statutory maximum; (7) Appellant was adequately apprised by both plea counsel and the sentencing court of the court's sentencing discretion and ability to impose a term in excess of that recommended by the Commonwealth; and (8) the record demonstrates that Appellant's plea was knowing, voluntary, and intelligent.  *See* PCRA Court Opinion, 6/8/16, at 10-14.

The parties are instructed to attach a copy of the PCRA court's June 6, 2016 Opinion to all future filings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2017

RECEIVED

JUN 08 2016

PUBLIC DEFENDER

s:\admin\sarcione\Nixon Brandon 1st PCRA 1925a.docx

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS

vs. : CHESTER COUNTY, PENNSYLVANIA

BRANDON NIXON : NO. 15-CR-0000509-2011

: CRIMINAL ACTION—PCRA

*Nicholas J. Casenta, Jr., Esquire, Chief Deputy District Attorney, for the Commonwealth*
*Ellen B. Koopman, Esquire, for the Defendant*

### O P I N I O N  *S U R*  R U L E  1 9 2 5 (a)

Before this Honorable reviewing Court is Defendant Brandon Nixon's counseled appeal from our denial of his first counseled PCRA Petition, which was filed August 27, 2014.[1] We issued our Order denying Defendant's Petition on March 23 2016.[2] Defendant filed his Notice of Appeal on April 15, 2016. Thus, Defendant's appeal is timely. *See* Pa. R.A.P. 903(a)("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.").

On March 10, 2011 the Commonwealth filed an Information charging Defendant with Criminal Conspiracy to Commit Burglary (18 Pa. C.S.A. §§ 903 3502)(Count I); Burglary (18 Pa. C.S.A. § 3502)(Count II); Possession of an Instrument of Crime (18 Pa. C.S.A § 907(a))(Count III); Criminal Attempt to Commit Murder of the First Degree (18 Pa. C.S.A. §§ 901, 1102(c), and 2502(a))(Count IV); Aggravated Assault—

---

[1] Defendant was represented by privately-retained attorney John J. Duffy, Esquire during the PCRA Petition and hearing process. For purposes of this PCRA appeal, Defendant has obtained the representation of new counsel, Assistant Chester County Public Defender Ellen B. Koopman, Esquire.

[2] The delay between the filing of Defendant's first PCRA Petition in 2014 and our resolution of Defendant's PCRA Petition in 2016 was occasioned by considerable serious health problems on the part of his then-counsel Mr. Duffy. Many defense continuances were requested and granted to accommodate Mr. Duffy's medical needs. (*See* PCRA Hearing Transcript, 2/11/16, N.T. 3).

~ 1 ~

Causing Serious Bodily Injury (18 Pa. C.S.A. § 2702(a)(1))(Count V); Aggravated Assault—Attempting to Cause Serious Bodily Injury (18 Pa. C.S.A. § 2702(a)(1))(Count VI); Simple Assault—Causing Bodily Injury (18 Pa. C.S.A. § 2701(a)(1))(Count VII); Recklessly Endangering Another Person (18 Pa. C.S.A. § 2705)(Count VIII); Recklessly Endangering Another Person (18 Pa. C.S.A. § 2705)(Count IX); Robbery—Inflicting Serious Bodily Injury Upon Another in the Course of Committing a Theft (18 Pa. C.S.A. § 3701(a)(1)(i))(Count X); Robbery—Threatening Another With, or Intentionally Putting Another in Fear of, Immediate Serious Bodily Injury in the Course of Committing a Theft (18 Pa. C.S.A. § 3701(a)(1)(ii))(Count XI); and Theft of Movable Property by Unlawful Taking or Disposition (18 Pa. C.S.A. § 3921(a))(Count XII), stemming from a violent home invasion robbery, by two (2) men wearing ski masks, that took place on September 6, 2008, in which two adults, a male and a female, were beaten within an inch of their lives and a baby was thrown across a room like a football. (Verbal Guilty Plea Colloquy, 12/15/11, N.T. 4-12; Sentencing Hearing Transcript, 3/22/12, 18-46). The chilling facts of these horrifying crimes are related in great detail in both our September 6, 2011 Opinion and Order denying Defendant's Omnibus Pretrial Motion and our December 4, 2012 Opinion *Sur* Rule 1925(a) issued in connection with Defendant's direct appeal. The facts of record establish that Defendant, the taller of the two perpetrators, was responsible for the most heinous parts of the attack, including the throwing of the baby. (PCRA Hearing Transcript, 6/19/15, N.T. 14). The Commonwealth obtained DNA evidence linking Defendant to these appalling crimes. (*See* Deft.'s Omnibus Pretrial Motion, 6/16/11; Opinion and Order, 9/6/11; Sentencing Hearing Transcript, 3/22/12, N.T. 44).

During pre-trial negotiations in this matter, the Commonwealth, represented

~ 2 ~

by then-Assistant District Attorney John H. Pavloff, Esquire, who obtained the approval of his supervisor, Deputy District Attorney Ronald C. Yen, Esquire (PCRA Hearing Transcript, 2/11/16, N.T. 19), made an initial plea offer to the Defendant of six (6) to twelve (12) years in prison. (PCRA Hearing Transcript, 6/19/15, N.T. 10). Defendant who has maintained throughout these PCRA proceedings, notwithstanding that he filed a pre-trial motion to suppress evidence, that it was always his intention to plead guilty "because I already knew I was guilty[ ]" (PCRA Hearing Transcript, 6/19/15, N.T. 67), rejected this offer outright (PCRA Hearing, 6/19/15, N.T. 10-12, 15, 19), because he believed that a sentence of no more than two (2) years' minimum was appropriate, given his lack of a significant criminal history. (PCRA Hearing Transcript, 6/19/15, N.T. 12, 15). The Commonwealth refused to offer less. (PCRA Hearing Transcript, 6/19/15, N.T. 25).

On the belief that he could achieve a result better than the offer communicated by the Commonwealth, plea counsel advised Defendant to tender an open plea before the undersigned. (PCRA Hearing Transcript, 6/19/15, N.T. 16, 19). On December 15, 2011 Defendant tendered an open guilty plea to the charges of Conspiracy to Commit Burglary (18 Pa. C.S.A. §§ 903, 3502)(Count I); Burglary (18 Pa. C.S.A. § 3502(a))(Count II); Robbery—Serious Bodily Injury Inflicted (18 Pa. C.S.A. 3701(a)(1)(i))(Count X); and Robbery—Serious Bodily Injury Threatened (18 Pa. C.S.A. § 3701(a)(1)(ii))(Count XI). (Verbal Guilty Plea Colloquy, 12/15/11, at 12, 24; Written Guilty Plea Colloquy, 12/15/11, at 1-2). In exchange for his tender of the plea, the Commonwealth, represented by then-ADA John H. Pavloff, Esquire, agreed to waive all mandatories and sentencing enhancements so long as Defendant met with County

Detectives and provided information about how these crimes occurred. (Verbal Guilty Plea Colloquy, 12/15/11, N.T. 21, 25; Written Guilty Plea Colloquy, 12/15/11, at 3).

After the plea was entered but before sentencing (PCRA Hearing Transcript, 6/19/15, N.T. 28-29), the Commonwealth, as represented by then-ADA Pavloff, represented to plea counsel that it would not make a recommendation to the Court in excess of its pre-trial offer of six (6) to twelve (12) years in prison. (PCRA Hearing Transcript, 6/19/15, N.T. 29).

At some point subsequent to his plea, Defendant met with County Detectives but did not provide any further information about his crimes because, as he stated, he had been high on PCP at the time of the crimes and did not remember anything about them. (PCRA Hearing Transcript, 6/19/15, N.T. 83; Post-Sentence Motion Hearing Transcript, 6/18/12, N.T. 20).[3]

At sentencing, dissatisfied with Defendant's proffer in his colloquy with the County Detectives (Post-Sentence Motion Hearing Transcript, 6/18/12, N.T. 31-33), the Commonwealth, then represented by Mr. Pavloff's supervisor, Deputy District Attorney Ronald C. Yen, Esquire, as Mr. Pavloff's employment with the Chester County District Attorney's Office had been terminated (PCRA Hearing Transcript, 2/11/16, N.T. 18), recommended to the Court that Defendant be given a sentence of eleven (11) years' to twenty-two (22) years confinement in a state penitentiary. (Sentencing Transcript,

---

[3] When this Court asked Defendant at the sentencing hearing whether he had been on drugs at the time of the crime, Defendant, contrary to his post-sentence motion hearing testimony and his PCRA hearing testimony, told the Court, "I don't even know, your Honor. I don't recall anything." (3/22/12, N.T. 70). As we noted in our prior Rule 1925(a) Opinion dated December 4, 2012, we find it curious that Defendant can remember nothing about the crimes but does recollect quite clearly that he smoked a PCP-laced cigarette with his co-defendant prior to the crimes.

3/22/12, N.T. 73-74). The Commonwealth did not seek application of any mandatories or sentencing enhancements. (Sentencing Transcript, 3/22/12, N.T. 7, 73-74).

On March 22, 2012, after the completion of a Pre-Sentence Report by the Office of Adult Probation and Parole, this Court sentenced Defendant to an aggregate term of nine (9) to twenty (20) years' confinement in a state correctional facility, a very reasonable sentence, we consider, in light of the egregious facts of Defendant's criminal conduct in this matter. (Sentencing Hearing Transcript, 3/22/12, N.T. 93). Following the denial of Defendant's post-sentence Motion to Modify and Reduce Sentence on August 17, 2012, Defendant filed a timely Notice of Appeal on September 13, 2012, challenging the length of his sentence as both excessive and allegedly disproportionate in comparison with other sentences for similar conduct in this county. This Honorable reviewing Court affirmed Defendant's Judgment of Sentence on July 30, 2013. Defendant did not file a petition for *allocatur* to the Pennsylvania Supreme Court.

Instead, on August 27, 2014, Defendant filed a timely first PCRA Petition through privately retained counsel. Defendant's first PCRA Petition alleged that his plea counsel, Steve Jarmon, Jr., Esquire, was ineffective, essentially, for failing to persuade him to accept the Commonwealth's first very favorable plea offer and for counseling the Defendant to reject said offer. Defendant also accused the Commonwealth of prosecutorial misconduct by "sandbagging" him with a recommendation for more time than they had previously represented they would seek. He argued that the Commonwealth's representation that it would seek only six (6) to twelve (12) years was an extrajudicial promise that unlawfully induced him to plead. Finally, Defendant claimed

~ 5 ~

that his direct appeal counsel, Lawrence Harmelin, Esquire, was ineffective for failing to raise these issues on behalf of the Defendant.

On October 13, 2014 the Commonwealth filed an Answer to Defendant's first PCRA Petition. After reviewing the Defendant's Petition and the Commonwealth's Answer, on October 23, 2014 we issued an Order directing Defendant to file within thirty (30) days an Amended PCRA Petition complying with certain pleading requirements of the Rules of Criminal Procedure governing PCRA Petitions and the PCRA Act, 42 Pa. C.S.A. § 9541 *et seq.* At the defense's request, on November 25, 2014 we granted the defense additional time to file the Amended PCRA Petition required by our October 23, 2014 Order. On January 5, 2015 we, again at Defendant's request, granted him sixty (60) more days in which to file his Amended PCRA Petition. We also gave the Commonwealth an additional twenty (20) days beyond the Defendant's deadline in which to file an Answer to the Amended Petition if it so chose.

On March 6, 2015 Defendant filed a "Supplement to Petition for Post-Conviction Relief" largely complying with our October 23, 2014 directive. The Commonwealth, after a successful request for additional time in which to respond, filed a Supplemental Answer to PCRA Petition on April 20, 2015. After reviewing all of the documents filed by both parties, on May 14, 2015 we issued an Order scheduling an evidentiary hearing on all of the issues raised in the Defendant's PCRA Petition, as supplemented on March 6, 2015.

We held an evidentiary hearing on Defendant's PCRA Petition over the course of two (2) days, June 19, 2015 and February 11, 2016.[4] On March 23, 2016 we issued an Order denying and dismissing Defendant's first PCRA Petition as supplemented on March 6, 2015. On April 15, 2016 Defendant, through present counsel Assistant Chester County Public Defender Ellen B. Koopman, Esquire, filed a timely Notice of Appeal from our March 23, 2016 Order. By Order dated April 18, 2016 we directed Defendant to file within twenty-one (21) days a Concise Statement of Errors Complained of on Appeal. By Order dated May 10, 2016, this Court granted defense counsel an extension of thirteen (13) days in which to file a Concise Statement in the above-captioned matter. Defendant timely complied with our Order, filing his Concise Statement on May 23, 2016.

> In his Concise Statement, Defendant raised the following issue.
>
> 1. The Court erred by denying Appellant's Petition for Post-Conviction Collateral Relief where Appellant's trial counsel was ineffective for failing to sufficiently advise Appellant of the risks associated with an open guilty plea, rendering that plea involuntary and unknowing.

(Deft.'s Concise Statement, 5/23/16, at 1, para.1). Having reviewed the record in light of the relevant constitutional, decisional and statutory law, we are now prepared to make the following recommendation concerning the merits of Defendant's appeal.

Our first argument concerning Defendant's appellate issue involves the question of waiver. As we stated earlier, Defendant filed a PCRA Petition challenging counsel's stewardship on the basis that counsel allegedly did not sufficiently try to

---

[4] Again, as we noted earlier, the great delay in completing these hearings was occasioned by PCRA Counsel's significant ill health. (PCRA Hearing Transcript, 2/11/16, N.T. 3).

~ 7 ~

persuade the Defendant to accept the Commonwealth's initial plea offer and that counsel allegedly advised Defendant to reject the Commonwealth's offer. He also challenged the Commonwealth's alleged prosecutorial misconduct, contending that the Commonwealth's representation that it would only seek six (6) to twelve (12) years' imprisonment constituted an extrajudicial promise which unlawfully induced him to plead guilty, and attacked the stewardship of direct appeal counsel for failing to raise any of the foregoing issues on Defendant's behalf in Defendant's direct appeal. Defendant did not at any time raise the issue that his counsel did not sufficiently advise him of the "risks" associated with pleading open before the Court. Because Defendant did not raise that issue in the trial court, that issue should be deemed waived for purposes of appeal. *See* Pa. R.A.P. 302(a)("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Roney*, 79 A.3d 595 (Pa. 2013), *cert. denied*, *Roney v. Pennsylvania*, 135 S.Ct. 56 (U.S. Pa. 2014)(*Brady* claim presented for first time on appeal from denial of PCRA petition waived for failure to properly present it before the lower court); *Commonwealth v. Santiago*, 855 A.2d 682 (Pa. 2004), *reargument denied* (October 29, 2004)(a claim not raised in a PCRA petition cannot be raised for the first time on appeal).

In the event this Honorable reviewing Court may disagree, however, we will provide the following analysis of the merits of Defendant's claim. When evaluating a claim of ineffective assistance of counsel, the appellate court will presume that counsel is effective and places on the defendant the burden of proving otherwise. *Commonwealth v. Burkholder*, 719 A.2d 346 (Pa. Super. 1998), *appeal denied*, 747 A.2d 364 (Pa. 1999). *See also Commonwealth v. Mason*, 130 A.3d 601 (Pa. 2015)(counsel is presumed

effective); *Commonwealth v. Burno*, 94 A.3d 956 (Pa. 2014), *cert. denied, Burno v. Pennsylvania*, 135 S.Ct. 1493 (U.S. Pa. 2015)(defense counsel is presumed effective and the burden of proving constitutional ineffectiveness rests on a defendant).

To prevail on a claim that counsel was constitutionally ineffective, a defendant must overcome the presumption of competence by showing that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceeding would have been different. *Commonwealth v. Mason*, 130 A.3d 601 (Pa 2015); *Commonwealth v. Fears*, 836 A.2d 52 (Pa. 2003), *reargument denied* (February 19, 2004), *cert. denied, Fears v. Pennsylvania*, 125 S.Ct. 2956 (U.S. Pa. 2005), *denial of post-conviction relief aff'd, Commonwealth v. Fears*, 86 A.3d 795 (Pa. 2014). A reasonable probability that the result of a proceeding would have been different, as required to show prejudice, as an element of ineffective assistance of counsel, is a probability that is sufficient to undermine confidence in the outcome of the proceedings. *Commonwealth v. Burno*, 94 A.3d 956 (Pa. 2014), *cert. denied, Burno v. Pennsylvania*, 135 S.Ct. 1493 (U.S. Pa. 2015).

Under the PCRA, the defendant must meet his burden by a preponderance of the evidence. 42 Pa. C.S.A. § 9543(a). The failure to meet any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Mason*, 130 A.3d 601 (Pa. 2015); *Commonwealth v. Burno*, 94 A.3d 956 (Pa. 2014), *cert. denied, Burno v. Pennsylvania*, 94 A.3d 956 (Pa. 2014).

In the matter *sub judice*, Defendant's underlying claim, namely, that his

~ 9 ~

counsel did not sufficient advise him of the risks associated with an open guilty plea, has no arguable merit. We are hard pressed to conceive of the nature of the "risks" to which Defendant alludes in his Concise Statement, other than to recognize that there is a risk in pleading open that a judge may sentence a criminal defendant who pleads open in excess of the amount of prison time recommended by either party. Such a risk is not associated with a plea tendered pursuant to negotiated terms of sentence. However, Defendant's claim that he was not sufficiently advised of this risk is belied by the record.

For example, at the first PCRA hearing on June 19, 2015, plea counsel stated, with regard to his advice concerning Defendant's option of tendering an open plea,

> A. I talked to Brandon about it, explained the best I could what that meant. I was clear that, you know, just because if we do an open guilty plea, there's risks. The judge could give him more. The judge could say regardless of what the DA is asking for, he could give you more.
>
> Q. Are you saying you told him that?
>
> A. Yes.
>
> . . .
>
> Q. And you told him what?
>
> A. To the best of my recollection, I told him if you enter an open guilty plea, there's no guarantee as to what your sentence could be. The judge could give you more than the original plea offer. I believe I also told him that the DA could ask for more.

(PCRA Hearing Transcript, 6/19/15, N.T. 27-28). We credit counsel's testimony here.

When Defendant was asked at the PCRA hearing if he knew what an open

~ 10 ~

plea was, Defendant replied, "An open plea is when I tell the Court that I'm guilty and the judge is going to sentence me." (PCRA Hearing Transcript, 6/19/15, N.T. 68). Counsel then asked, "And you don't have any idea what it's going to be." (PCRA Hearing 6/19/15, N.T. 68). Defendant replied, "No idea." (PCRA Hearing Transcript, 6/19/15, N.T. 68).

On cross-examination by the Commonwealth, the following colloquy took place.

> Q. So then Judge Sarcione asked, informed you that you could be sentenced up on eighty years. And you indicated that you understood that. Now are you saying you didn't understand that now when the judge said he could sentence you up to eighty years?
>
> A. I understood that.
>
> Q. So you understand that he wasn't bound by any numbers that had been thrown around previously?
>
> A. Yes.

(PCRA Hearing Transcript, 6/19/15, N.T. 79).

During Defendant's guilty plea colloquy, Defendant was advised of the following by the Court:

> THE COURT: Now, since these are open pleas, we are going to go over the maximums. It appears from looking at the guilty plea colloquy, each of these offenses, and there's four of them, are felonies of the first degree. Does everyone agree with that?
>
> MR. JARMON: Yes.
>
> MR. PAVLOFF: Yes, your Honor.

~ 11 ~

THE COURT: The maximum penalty for each offense is a twenty-five thousand dollar fine and/or twenty years imprisonment. Do you understand that?
[DEFENDANT]: Yes.

THE COURT: So if they were run consecutively, it would be eighty years imprisonment and a hundred thousand dollars in fines. . . .

. . .

THE COURT: And let's go over the guidelines. Conspiracy to commit burglary, offense gravity score, the guidelines, young man, the DA is looking that up. The guidelines, simply they are guide posts for the Court to consider in fashioning a sentence for you. *I can deviate above them or below them, if I give reasons.* But I must stay within the statutory maximum.

[DEFENDANT]: Yes, sir.

(Verbal Guilty Plea Colloquy, 12/15/11, 17-19)(emphasis added). The Court then proceeded to recite the application Statewide Guidelines to the Defendant. (Verbal Guilty Plea Colloquy, 12/15/11, N.T. 19-21).

Finally, Defendant's written guilty plea colloquy, which Defendant executed immediately prior to tendering his open plea, advises the Defendant that "This is an OPEN PLEA OF GUILTY to the crime(s) set forth on the previous page(s). There is no plea bargain or other agreement relating to the plea to those crimes except as stated below." (Written Guilty Plea Colloquy, 12/15/11, at 3). The terms "stated below" included only that the Commonwealth "will waive all applicable mandatories and sentencing enhancements if the defendant meets with county detectives and provides information on how the robbery occurred." (Written Guilty Plea Colloquy, 12/15/11, at 3). There are no terms stated, other than the mandatories stated on the first page of the colloquy, concerning any limits to the length of sentencing that the Commonwealth will either

~ 12 ~

recommend or that the Court will be able to impose. (Written Guilty Plea Colloquy 12/15/11, at 1, 3).

In light of all of the foregoing examples of the advice given to Defendant concerning the ramifications of his tender of an open plea to the aforementioned charges, we find that Defendant was adequately apprised by both plea counsel and the Court of the Court's sentencing discretion and ability to impose a term in excess of that recommended by the Commonwealth. Defendant's claim to the contrary has no substantive merit.[5]

Because Defendant's underlying substantive claim has no arguable merit, Defendant's claim of ineffective assistance of counsel necessarily fails. *Commonwealth v. Burno*, 94 A.3d 956 (Pa. 2014), *cert. denied, Burno v. Pennsylvania*, 135 S.Ct. 1493 (U.S. Pa. 2015)(a defendant's failure to meet the "arguable merit" prong of the test for ineffective assistance of counsel will defeat the claim). *See also Commonwealth v*

.

---

[5] Further, given that Defendant outright rejected the Commonwealth's plea offer of six (6) to twelve (12) years, of his own accord, and the Commonwealth was not willing to offer less time, counsel's advice to Defendant to tender an open plea to the charges of Conspiracy to Commit Burglary, Burglary, and two (2) counts of Robbery was a reasonable one designed to effectuate the Defendant's interests. Certainly, Defendant could have insisted upon a trial, but in that event it is likely he would have been tried on all of the charges set forth in the information, including Criminal Attempt to Commit Murder of the First Degree, bearing a maximum term of imprisonment of twenty (20) to forty (40) years in its own right, two (2) counts of Aggravated Assault, and numerous other offenses, not merely the four (4) charges to which he actually tendered his plea. Given the strength of the Commonwealth's case as well as Defendant's longstanding intention to plead because he "already knew I was guilty" (PCRA Hearing Transcript, 6/19/15, N.T. 67), pleading open was really the only option by which he could attempt to reduce his exposure in this matter and secure for himself what is in reality a very reasonable sentence given the severity of the crimes committed. Counsel's advice to plead open, to the extent it is at issue here, had a reasonable basis designed to effectuate the Defendant's interests and was within the range of competence demanded of attorneys in criminal cases. *See Commonwealth v. Fowler*, 893 A.2d 758 (Pa. Super. 2006)(where the defendant enters a plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases). Accordingly, because Defendant cannot meet the reasonable basis prong of the test for ineffective assistance of counsel, plea counsel cannot be deemed ineffective for counseling Defendant to enter an open plea.

~ 13 ~

*Mason*, 130 A.3d 601 (Pa. 2015)(the failure to establish any prong of the test for ineffective assistance of counsel defeats the claim).

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Commonwealth v. Fears*, 836 A.2d 52 (Pa. 2003), *reargument denied* (February 19, 2004), *cert. denied, Fears v. Pennsylvania*, 125 S.Ct. 2956 (U.S. Pa. 2005), *denial of post-conviction relief aff'd, Commonwealth v. Fears*, 86 A.3d 795 (Pa. 2014). The record demonstrates that Defendant's plea was knowing, voluntary and intelligent in all respects. Consequently, Defendant is not entitled to relief from this Honorable reviewing Court. *See Commonwealth v. Fowler*, 893 A.2d 758 (Pa. Super. 2006)(defendant's guilty plea to third degree murder was not rendered involuntary and unknowing by plea counsel's belief that defendant would receive a less severe sentence than that imposed by the trial court; counsel testified that she never guaranteed defendant any specific result, and record was clear that defendant knew he risked a twenty (20) to forty (40) year term of imprisonment and that no sentence was promised to him). *See also Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012), *appeal denied*, 63 A.3d 773 (Pa. 2013)(*quoting Commonwealth v. Moser*, 921 A.2d 526, 528-29 (Pa. Super. 2007)("The law does not require that an appellant be pleased with the results of the decision to enter a guilty plea; rather '[a]ll that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.'").

In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of law and fact, the standard of review is whether the PCRA court's findings are supported by the record

~ 14 ~

and free of legal error. *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009), *subsequent habeas corpus proceeding denied, Pitts v. Kerestes*, 2013 WL 4718950 (E.D. Pa. 2013). The Pennsylvania Superior Court reviews an Order dismissing a PCRA petition in the light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa. Super. 2012). The Superior Court's review of an Order dismissing a PCRA petition is limited to the findings of the PCRA court and the evidence of record. *Commonwealth v. Oliver*, 128 A.3d 1275 (Pa. Super. 2015); *Commonwealth v. Ford*, 44 A.3d 1190 (Pa. Super. 2012). The Superior Court will not disturb a PCRA court's Order dismissing a PCRA petition if the Order is supported by the evidence of record and is free of legal error. *Commonwealth v. Oliver*, 128 A.3d 1275 (Pa. Super. 2015); *Commonwealth v. Ford*, 44 A.3d 1190 (Pa. Super. 2012). The Superior Court will grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record; however, the Superior Court affords no such deference to a PCRA court's legal conclusions. *Commonwealth v. Oliver*, 128 A.3d 1275 (Pa. Super. 2015); *Commonwealth v. Ford*, 44 A.3d 1190 (Pa. Super. 2012). A PCRA court's credibility determinations, when supported by the record, are binding on the appellate court. *Commonwealth v. Robinson*, 82 A.3d 998 (Pa. 2013). Where a PCRA petitioner raises questions of law, however, the Superior Court's standard of review is *de novo* and its scope of review is plenary. *Commonwealth v. Oliver*, 128 A.3d 1275 (Pa. Super. 2015); *Commonwealth v. Ford*, 44 A.3d 1190 (Pa. Super. 2012). The Superior Court may affirm a PCRA court's dismissal of a PCRA petition on any grounds if the record supports it. *Commonwealth v. Oliver*, 128 A.3d 1275 (Pa. Super. 2015).

~ 15 ~

We would respectfully submit that our analysis of the issues raised in Defendant's third PCRA Petition survives the standards applicable to appellate review. Our factual findings are supported by the record and our legal conclusions free of error. Accordingly, we would respectfully submit that Defendant's appeal from our denial of his first counseled PCRA Petition has no merit. We would respectfully recommend that this Honorable reviewing Court deny and dismiss Defendant's appeal and affirm our March 23, 2016 Order dismissing his Petition.

BY THE COURT:

_____6/6/16_____      _____

Date               Anthony A. Sarcione,         J.

Certified From The Record

This_____ Day of_____ 20__

_____

Deputy Clerk of Common Pleas Court

~ 16 ~